1  MARTIN R. GLICK (No. 40187)
   martin.glick@aporter.com
2  SARAH J. GIVAN (No. 238301)
   sarah.givan@aporter.com
3  ARNOLD & PORTER LLP
   Three Embarcadero Center, 7th Floor
4  San Francisco, California  94111-4024
   Telephone:     415/434-1600
5  Facsimile:     415/677-6262

6  Attorneys for Plaintiff
   THE CLOROX COMPANY

7

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12 THE CLOROX COMPANY,                  No. 12-cv-01468-JCS

13            Plaintiff,               **DECLARATION OF SARAH J. GIVAN
                                       IN SUPPORT OF PLAINTIFF THE**
14       v.                            **CLOROX COMPANY'S OPPOSITION
                                       TO DEFENDANT INDUSTRIAS ALEN'S**
15 INDUSTRIAS ALEN, S.A. DE C.V., and  **MOTION TO DISMISS**
   ALEN USA, L.P.
16                                     Date:      September 7, 2012
            Defendants.               Time:      9:30 a.m.
17                                     Dept.:     Courtroom G, 15th Floor
                                       Judge:     The Honorable Joseph C. Spero
18

19

20

21

22

23

24

25

26

27

28

1      I, Sarah J. Givan, declare as follows:

2      1.  I am admitted to practice law in the State of California, and am an attorney with the law firm of Arnold & Porter LLP, counsel to Plaintiff The Clorox Company ("Clorox") in the above-captioned case.  I make this declaration in support of Clorox's Opposition to Defendant Industrias AlEn's Motion to Dismiss.  Except where otherwise indicated, this declaration is based upon my own personal knowledge, and I could and would testify competently to the truth of the matters stated herein if called upon to do so.

2.  After becoming aware of Industrias AlEn's six United States trademark registrations and one additional application for marks containing the term PINOL (Declaration of Gabino Molina Virgin Exs. 1-6), but being unable to find much evidence of actual use, Clorox initiated cancellation and opposition proceedings before the TTAB on March 21, 2011, and June 24, 2011, respectively, and which were subsequently consolidated (the "TTAB Proceeding").

3.  The parties then engaged in written discovery in the TTAB Proceeding, until Clorox filed its Complaint in this case on March 21, 2012 (Docket No. 1).

4.  I served a courtesy copy of the Complaint on Defendants' counsel at Holland & Knight on March 28, 2012, after which we met and conferred telephonically to discuss suspension of the TTAB Proceeding and whether they would accept service on behalf of Defendants.  Defendants' counsel agreed to waive service on behalf of both Industrias AlEn and AlEn USA, and consented to the suspension of the TTAB Proceeding.  Attached hereto as **Exhibit 1** is a true and correct copy of an email reflecting this agreement.  Counsel for Industrias AlEn did not assert at this time that this Court lacked personal jurisdiction over Industrias AlEn.

5.  Attached hereto as **Exhibit 2** is a true and correct copy of the Trial Order in the TTAB Proceeding.

6.  After the Complaint was filed, counsel for the parties then engaged in settlement discussions, which ended when Defendants hired new counsel from Debevoise & Plimpton LLP, who requested and received from us a 30-day extension of time to respond to the Complaint.

7.  Counsel for the parties conducted our Rule 26 conference on June 8, during which

Defendants' counsel asserted for the first time that Industrias AlEn was not subject to personal jurisdiction in this Court because it did no business in the United States.

8.   Attached hereto as **Exhibit 3** is a true and correct copy of Industrias AlEn's Answer to Consolidated Petition for Cancellation, filed June 28, 2011, in the TTAB Proceeding.

9.   Attached hereto as **Exhibit 4** is a true and correct copy of Industrias AlEn's Answer to Notice of Opposition, filed July 15, 2011, in the TTAB Proceeding.

10.   Attached hereto as **Exhibit 5** is a true and correct copy of Industrias AlEn's sworn Response to the First Set of Interrogatories of Petitioner/Opposer, served on me as Clorox's counsel in the TTAB Proceeding on December 22, 2011.   Industrias AlEn's Confidential Supplement providing details regarding its sales of PINOL products in California have been removed as subject to a Protective Order entered in the TTAB Proceeding.

11.   Attached hereto as **Exhibit 6** are true and correct copies of printouts from the websites www.cbsoutdoor.com/markets/marketsearch/sanfranciscobayarea                    and www.cbsoutdoor.com/markets/marketsearch/losangeles, which I obtained on July 3, 2012.

12.   Attached hereto as **Exhibit 7** are true and correct copies of printouts from the website www.ultimatesourceone.com/html/about_us.html,   www.ultimatesourceone.com/html/contact.html, and www.ultimatesourceone.com/html/services.html, which I obtained on July 3, 2012.

13.   Attached hereto as **Exhibit 8** is a true and correct copy of a printout from the website www.westparkcom.net, which I obtained on July 3, 2012.

14.   Attached hereto as **Exhibit 9** are true and correct copies of printouts from the website www.DomainTools.com, reflecting publicly available WHOIS ownership records for the domain names www.alenusa.com, www.alenamericas.com, and www.pinol.com, which I obtained on July 2, 2012.

15.   Attached hereto as **Exhibit 10** is a true and correct copy of a printout from the website www.alen.com.mx, which I obtained on July 3, 2012.

16.   When I visited the www.alenusa.com website on July 3, 2012, and July 5, 2012, it automatically re-directed me to the www.alenamericas.com website.

17.  Attached hereto as **Exhibit 11** is a true and correct copy of a printout from the website www.alenamericas.com/Our-Company-277.html, which I obtained on July 3, 2012.

18.  Attached hereto as **Exhibit 12** is a true and correct copy of a printout from the website www.alenamericas.com/Legal-Notice-402.html, which I obtained on July 3, 2012.

19.  Attached hereto as **Exhibit 13** is a true and correct copy of a printout from the website www.alenamericas.com/Partners/FAQs-425.html, which I obtained on July 2, 2012.

20.  Attached hereto as **Exhibit 14** are true and correct copies of printouts from the website www.pinol.com, which I obtained on July 2, 2012.

21.  Attached hereto as **Exhibit 15** are true and correct copies of printouts from the websites www.xtrapine.com, www.cloralex.com, and www.cloralen.com, which I obtained on June 26, 2012.

22.  Attached hereto as **Exhibit 16** is a true and correct copy of a printout from the website www.alenamericas.com/Brands/Pinol-318.html and the "MSDS Pinol® Laundry Detergent" link on that page, which I obtained on July 3, 2012.

23.  Attached hereto as **Exhibit 17** are true and correct copy of printouts from the website www.alenamericas.com/Brands?Where-to-Buy/Buy-in-Stores-423.html, which I obtained on July 3 and July 5, 2012.

24.  Attached hereto as **Exhibit 18** is a true and correct copy of a printout from the website www.alenamericas.com/Brands/Coupons-and_Promotions-422.html, which I obtained on July 3, 2012.

25.  Attached hereto as **Exhibit 19** is a true and correct copy of a document produced by Industrias AlEn in the TTAB Proceeding, Bates marked ALEN005876-78.

26.  Attached hereto as **Exhibit 20** is a true and correct copy of a photograph I took of a specimen of PINOL laundry detergent purchased in California.

27.  Some of the interrogatory responses and many of the documents produced by Industrias AlEn in the TTAB Proceeding were marked as confidential and subject to a protective order, which currently prevents Clorox from citing them as evidence in this action in response to Industrias AlEn's Motion.  We proposed to Defendants' counsel that the materials produced in the TTAB

Proceeding by Clorox and Industrias AlEn be deemed produced in this action, in order to avoid the unnecessary waste of re-producing documents to each other that the parties already possess as a result of the TTAB Proceeding.  Other than for two very limited exceptions (*see* Paragraphs 28 and 29, *infra*), Industrias AlEn's counsel has refused to cooperate.  Attached as **Exhibit 21** is a true and correct copy of our email exchange regarding this matter.

28.  Industrias AlEn's Brand Hogs contract identified in Exhibit 5 was for the provision of radio advertising of the PINOL brand in the Los Angeles area.  Although in Exhibit 5, Industrias AlEn claims the Brand Hogs contract was its own contract, the contract itself specifies AlEn USA as the signatory.  The contract was signed on behalf of AlEn USA by Gabino Molina Virgen as AlEn USA's "Manager Secretary."

29.  Industrias AlEn stated in its confidential supplement to its interrogatory responses that "Registrant's  [PINOL-branded]  goods  have  been  sold  in  the  following  geographic areas . . . Household  cleaning  preparations/disinfectants . . .  California. . . .    Liquid  Soap . . . California. . . .  Wipes . . . California."

30.  Attached hereto as **Exhibit 22** is a true and correct copy of Defendant AlEn USA's First Set of Requests for Admission to Plaintiff The Clorox Company.

31.  Attached hereto as **Exhibit 23** is a true and correct copy of AlEn USA's First Set of Requests for Production of Documents and Things to Plaintiff The Clorox Company.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.  Executed this 11th day of July, 2012, at San Francisco, California.


                            /s/ *Sarah J. Givan*
                            SARAH J. GIVAN