MARTIN R. GLICK (No. 40187)
martin.glick@aporter.com
SARAH J. GIVAN (No. 238301)
sarah.givan@aporter.com
MARC PRICE WOLF (No. 254495)
marc.pricewolf.aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/471-3100
Facsimile: 415/471-3400

Attorneys for Plaintiff
THE CLOROX COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CLOROX COMPANY,<br><br>             Plaintiff,<br><br>  v.<br><br>INDUSTRIAS ALEN, S.A. DE C.V, and ALEN USA, L.P.<br><br>             Defendants. | No. 12-cv-01468-JCS<br><br>**JURY TRIAL DEMANDED**<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK DILUTION (15 U.S.C. §1125); TRADEMARK INFRINGEMENT (15 U.S.C. §1114); UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)); AND UNFAIR COMPETITION (Cal. Bus. & Prof. Code §17200)** |

Plaintiff The Clorox Company ("Plaintiff" or "Clorox"), by and for its complaint against Defendants Industrias Alen, S.A. de C.V. ("Industrias") and Alen USA, L.P. ("Alen USA") (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1. Clorox has promoted and sold all-purpose cleaner under the mark PINE-SOL (the "PINE-SOL Mark") in the United States for over 55 years. The PINE-SOL Mark is one of the most famous and valuable marks in that market and is the best selling cleaning product in the United States. Clorox has owned a trademark registration for PINE-SOL as a general household cleaner since 1993. Defendant Industrias Alen, S.A. de C.V. is a Mexico-based company that sells cleaning products in that country. Defendant Alen USA, L.P. is the North American subsidiary of Industrias Alen. Clorox learned in 2011 that Defendants were selling laundry soap under the mark PINOL in California. Moreover, Defendants had indicated that they also intend to promote and market all-purpose cleaner and cleaning wipes under the PINOL mark in the United States after their initial foray with laundry soap. Defendants' use of the PINOL mark is likely to dilute the famous and distinctive PINE-SOL Mark and to cause confusion as to the source or sponsorship of the PINOL product line. Clorox believes that the use of the PINOL mark by Defendants is intended to allow it to trade on and take advantage of the goodwill Clorox has developed at considerable expense for the PINE-SOL Mark, and that Defendants' uses of that mark should be enjoined.

## JURISDICTION AND VENUE

2. Clorox files this action against Defendants for trademark dilution, infringement, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and for unfair competition under California Business and Professions Code §17200 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338, and 1367.

3. Clorox has its headquarters and/or principal place of business within this judicial district. This action arises out of wrongful acts committed by Defendants in this judicial district, which subjects Defendants to the personal jurisdiction of this Court. Venue is proper in this district

pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

4. Clorox is a Delaware corporation headquartered at 1221 Broadway, Oakland, California 94612.

5. Clorox alleges upon information and belief that Defendant Industrias is a corporation of Mexico with an address at Blvd. Diaz Ordaz No. 1000, Col. Los Trevino, Sta. Catarina, N.L., Mexico.

6. Clorox alleges upon information and belief that Defendant AlEn USA is a wholly-owned subsidiary of Industrias, and that AlEn USA is a limited partnership of Texas with an address at 9326 Baythorne Dr., Houston, Texas 77041.

## INTRADISTRICT ASSIGNMENT

7. This action is an intellectual property action within the meaning of Local Rule 3-2(c) and therefore is not subject to intradistrict venue provisions.

## CLOROX AND THE PINE-SOL MARKS

8. Clorox's PINE-SOL product line includes household, floor, and all-purpose cleaners. Clorox also offers detergents for household, kitchen, and laundry uses. Clorox's goods are widely distributed throughout the United States.

9. PINE-SOL was invented by Harry A. Cole in the 1920s. Clorox acquired the PINE-SOL brand in 1990. Clorox and its predecessors have promoted and sold products under the PINE-SOL Marks in commerce in the United States since at least as early as June 28, 1956. Clorox has exercised care and diligence in developing the exceptional and reliable products it provides in connection with the PINE-SOL Marks. Clorox has allocated substantial resources to developing the PINE-SOL Marks and marketing the products sold in connection with the PINE-SOL Marks. Clorox has invested in television advertisements, print advertisements, press releases, and an extensive web-based marketing program to promote the PINE-SOL Marks. As a result of these

efforts and over 50 continuous years of use, Clorox has developed substantial consumer recognition and valuable goodwill in the PINE-SOL Marks.

10. As a result of the substantial and long-standing use of the PINE-SOL Marks, the PINE-SOL Marks are extremely strong, and have achieved such widespread consumer recognition that the PINE-SOL Marks are famous. Due to the high quality of Clorox's products, the PINE-SOL Marks are seen as representative of quality, reliability and consistency, and have become extremely valuable assets carrying substantial goodwill.

11. Clorox is also the owner of numerous incontestable federal trademark registrations for the PINE-SOL Marks, as described below in Paragraphs 12-15.

12. Clorox owns U.S. Registration No. 1771020 (issued on May 18, 1993) for the mark PINE-SOL for "General household cleaner" in Class 3. Clorox filed the underlying Application Serial No. 74323164 on October 19, 1992, and the mark was first used at least as early as June 28, 1956. A copy of the TESS, TARR, and Assign Status records for U.S. Registration No. 1771020, showing the current status and title of the registration, is attached as **Exhibit 1.**

13. Clorox owns of U.S. Registration No. 2798766 (issued on December 23, 2003) for the mark PINE-SOL for "Floor cleaner" in Class 3. Clorox filed the underlying Application Serial No. 76393309 on April 8, 2002, and the mark was first used at least as early as June 20, 2003. A copy of the TESS, TARR, and Assign Status records for U.S. Registration No. 2798766, showing the current status and title of the registration, is attached as **Exhibit 2**.

14. Clorox owns U.S. Registration No. 2472451 (issued on July 24, 2001) for the mark POWER OF PINE-SOL for use in connection with "Household cleaning composition" in Class 3. Clorox filed the underlying Application Serial No. 76004149 on March 20, 2000, and the mark was first used at least as early as October 2, 2000. A copy of the TESS, TARR, and Assign Status records for U.S. Registration No. 2472451, showing the current status and title of the registration, is attached as **Exhibit 3.**

15. Clorox owns U.S. Registration No. 2472460 (issued on July 24, 2001) for the mark THE POWER OF PINE-SOL THE SMELL OF CLEAN for "Household cleaning compositions" in Class 3. Clorox filed the underlying Application Serial No. 76022270 on April 10, 2000, and the mark

was first used at least as early as October 2, 2000. A copy of the TESS, TARR, and Assign Status records for U.S. Registration No. 2472460, showing the current status and title of the registration, is attached as **Exhibit 4.**

## DEFENDANTS' UNAUTHORIZED DILUTING AND INFRINGING ACTIVITIES

16. Defendant Industrias is a Mexican household chemical product company with its headquarters and principal place of business in Monterrey, Mexico. Industrias filed Application Serial No. 77/944,751, based on an intent to use the mark PINOL for "Detergents for household, kitchen and laundry use" in Class 3 on February 25, 2010. Industrias later alleged a date of first use in commerce of November 23, 2010, and this application matured into Registration No. 3,918,071 on February 8, 2011.

17. Defendants are currently using the PINOL mark in the United States in connection with laundry detergent. A photograph of a bag of laundry detergent bearing the PINOL mark, purchased in California, is attached as **Exhibit 5.** A print-out of Alen USA's website advertising laundry detergent bearing the PINOL mark is attached as **Exhibit 6.**

18. Industrias filed Application Serial No. 77/779,868, based on an intent to use the mark PINOL for "Liquid soap" in Class 3 on July 13, 2009. Industrias later alleged a date of first use in commerce of September 15, 2010, and this application matured into Registration No. 3,880,953 on November 23, 2010.

19. Defendants are currently using the PINOL mark in the United States, including California, in connection with liquid soap. A print-out of Alen USA's website advertising liquid soap bearing the PINOL mark is attached as **Exhibit 7.**

20. On information and belief, Defendants are not making any other use of the PINOL mark in the United States at this time.

21. Industrias filed Application Serial No. 77/944,751 with knowledge of Clorox's prior use of, and trademark rights in, the PINE-SOL Marks.

22. On information and belief, Defendants sought to capitalize on the extensive goodwill and fame of the PINE-SOL Marks by adopting the PINOL mark in the United States, in spite of

Clorox's rights in the PINE-SOL Marks and Clorox's long-standing and continuous use of the PINE-SOL Marks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Dilution against Defendants)**
**(15 U.S.C. §1125(c))**

23. Clorox incorporates by reference paragraphs 1 through 22, as if fully set forth herein.

24. The PINE-SOL Marks are widely recognized by the consuming public of the United States as a designation of the source of the goods of Clorox, and have been so recognized since long before Defendants first began using the PINOL mark in the United States.

25. The PINE-SOL Marks are famous, and have been famous since long before Defendants first began using the PINOL mark in the United States.

26. Defendants' use of the PINOL mark is likely to dilute by blurring the strength and value of the PINE-SOL Marks, by affecting the ability of these marks to serve as unique identifiers of Clorox's goods, thereby lessening the value of the reputation and goodwill that Clorox has established in its PINE-SOL Marks, within the meaning of Section 43 of the Lanham Act, 15 U.S.C. §1125(c)(2)(B).

27. By reason of these acts, Clorox has suffered and is suffering actual, permanent and irreparable injury, the extent of which is presently not known, and Clorox will suffer continuing damage and irreparable injury unless Defendants are preliminarily and permanently enjoined from the use of the PINOL mark.

**SECOND CLAIM FOR RELIEF**
**(Infringement of Registered Mark against Defendants)**
**(15 U.S.C. §1114)**

28. Clorox incorporates by reference paragraphs 1 through 27, as if fully set forth herein.

29. Clorox's registered PINE-SOL Marks are inherently distinctive and have acquired secondary meaning. Consumers associate the PINE-SOL Marks only with Clorox's goods and services. This is a result both of the trademarks' inherent distinctiveness and of extensive advertising and sales throughout the United States of goods and services bearing the PINE-SOL

1 Marks.

2 30. Clorox has used the PINE-SOL Marks in commerce in the United States since long before Industrias AlEn's trademark application filing dates and alleged dates of first use of the PINOL mark on laundry detergent and liquid soap.

5 31. The PINOL mark is confusingly similar to Clorox's PINE-SOL Marks in sight, sound, connotation and commercial impression.

7 32. Defendants offer goods in connection with the PINOL mark that are similar to Clorox's goods and other highly related goods offered in connection with the PINE-SOL Marks.

9 33. Industrias's continued registration and use of the PINOL mark is likely to create the erroneous impression that Defendants' goods originate with, are sponsored or promoted by, or are otherwise associated with, Clorox.

12 34. By reason of Defendants' infringing use of the PINOL mark as described above and incorporated by reference herein, Clorox has been irreparably harmed in its business. Clorox will continue to suffer irreparable harm unless Defendants are restrained from infringing the PINE-SOL Marks.

16 35. Without injunctive relief, Clorox has no means by which to prevent Defendants' infringing conduct, and Clorox will continue to be harmed irreparably by the confusion and deception of the public. No amount of money damages can adequately compensate Clorox if it loses the ability to control the use of its trademarks, reputation and goodwill. Thus, Clorox is entitled to injunctive relief prohibiting Defendants from using the PINOL mark in any promotion, advertisement or sale of detergents, soaps, or other related goods or services.

22 36. Clorox is entitled to recover all profits heretofore realized by Defendants during their use of the infringing PINOL mark, as well as Clorox's costs in this action pursuant to 15 U.S.C. Section 1117.

25 37. Defendants' actions have been willful, malicious and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Clorox is entitled to recover three times the amount of Defendants' profits plus Clorox's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition and False Designation of Origin against Defendants)**
**(15 U.S.C. §1125(a))**

38. The allegations of paragraphs 1 through 37 are incorporated herein by reference.

39. By reason of Defendants' acts complained of herein, Defendants have intentionally engaged in conduct that constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection or affiliation between Clorox's goods and services and Defendants' goods and services in violation of 15 U.S.C. Section 1125(a). Consumers are likely to be confused by Defendants' use of such false designations of origin, and false descriptions or representations regarding Clorox's goods and services and Defendants' goods and services.

40. Without injunctive relief, Clorox has no means by which to prevent Defendants' infringing conduct, and Clorox will continue to be harmed irreparably by the confusion and deception of the public. No amount of money damages can adequately compensate Clorox if it loses the ability to control the use of its trademarks, reputation and goodwill. Thus, Clorox is entitled to injunctive relief prohibiting Defendants from using the PINOL mark in any promotion, advertisement or sale of detergents or other related goods or services.

41. Clorox is entitled to recover all profits heretofore realized by Defendants during their use of the infringing PINOL mark, as well as Clorox's costs in this action pursuant to 15 U.S.C. Section 1117(a).

42. Defendants' actions have been willful, malicious, and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse and deceive, as alleged above. Therefore, Clorox is entitled to recover three times the amount of Defendants' profits plus Clorox's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117.

### FOURTH CLAIM FOR RELIEF
**(Unfair Competition against Defendants)**
**(Cal. Bus. & Prof. Code §17200 *et seq.*)**

43. The allegations of paragraphs 1 through 42 are incorporated herein by reference.

44. Defendants' false descriptions and/or representations in connection with its distribution,

1 offering for sale and sale of goods and services, constitute unfair competition in violation of Business and Professions Code §17200, *et seq*.

45. Defendants' pattern and practice of making false descriptions and/or representations constitutes an unfair business act or practice in violation of Business and Professions Code Sections 17200, *et seq*.

46. As a result of Defendants' false descriptions and/or representations in connection with its distribution, offering for sale and sale of goods, Clorox has suffered injury in fact.

47. Without injunctive relief, Clorox has no means by which to prevent Defendants' infringing conduct, and Clorox will continue to be harmed irreparably by the confusion and deception of the public. No amount of money damages can adequately compensate Clorox if it loses the ability to control the use of its trademarks, reputation and goodwill. Thus, Clorox is entitled to injunctive relief prohibiting Defendants from using the PINOL mark in any promotion, advertisement or sale of any detergent, soap, and/or other related goods or services.

**PRAYER FOR RELIEF**

WHEREFORE, Clorox prays for relief as follows:

1. That Defendants and their parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be adjudged to have diluted the distinctiveness of Clorox's PINE-SOL Marks, in violation of federal law;

2. That Defendants and their parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be adjudged to have willfully and deliberately infringed Clorox's registered PINE-SOL Marks, in violation of federal law;

3. That Defendants and their parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be adjudged to have competed unfairly with Clorox by their infringing use of the PINOL mark, in violation of federal law;

4. That Defendants and their parents, affiliates, subsidiaries, officers, directors, employees, agents, successors and assigns, and all those persons in active concert or participation with them, be adjudged to have competed unfairly with Clorox by their infringing use of the PINOL mark, in violation of state law;

5. That Defendants and their officers, agents, owners, employees, confederates, attorneys and any persons in active concert or participation with them be temporarily, preliminarily and permanently enjoined and restrained from:

    (a) Using the PINOL mark, including any reproduction, copy or colorable imitation of said mark, in connection with the advertising, offering for sale, distribution or sale of detergent or any other related goods or services that are not authorized by Clorox;

    (b) Assisting, aiding or abetting any other person or business entity in engaging in or performing the activities referred to in the above subparagraph a.

6. That Defendants be ordered to deliver to Clorox all materials that dilute or infringe Clorox's PINE-SOL Marks;

7. That Registration No. 3,918,071 be cancelled;

8. That Registration No. 3,880,953 be cancelled;

9. For an award of all profits heretofore realized by Defendants during their use of the infringing marks pursuant to 15 U.S.C. Section 1117;

10. For an award of three times the amount of Defendants' profits and Clorox's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117.

11. For an award of pre-and post-judgment interest;

12. For an award of costs; and

13. For all other relief the Court deems just and proper.

DATED: August 17, 2012.

    Respectfully,

    ARNOLD & PORTER LLP

    By: /s/ *Martin R. Glick*
        MARTIN R. GLICK

    Attorneys for Plaintiff THE CLOROX COMPANY

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury of all issues properly triable of right by a jury.

DATED: August 17, 2012.

    Respectfully,

    ARNOLD & PORTER LLP

    By: /s/ *Martin R. Glick*
        MARTIN R. GLICK

    Attorneys for Plaintiff THE CLOROX COMPANY