MARTIN R. GLICK (No. 40187)
martin.glick@aporter.com
SARAH J. GIVAN (No. 238301)
sarah.givan@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/677-6262

Attorneys for Plaintiff
THE CLOROX COMPANY

ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

DAVID H. BERNSTEIN (admitted *pro hac vice*)
dhbernstein@debevoise.com
ANDREW M. COHEN (admitted *pro hac vice*)
amcohen@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6696
Facsimile: 212.521.7696

Attorneys for Defendants
INDUSTRIAS ALEN, S.A. DE C.V., and ALEN USA, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

THE CLOROX COMPANY,

Plaintiff,

v.

INDUSTRIAS ALEN, S.A. DE C.V, and ALEN USA, L.P.

Defendants.

No. 12-cv-01468-JCS

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

In anticipation of the upcoming Case Management Conference and pursuant to Civil Local Rule 16-9, the Standing Order of this Court and the Standing Order for all Judges of the Northern District of California, Plaintiff THE CLOROX COMPANY ("Plaintiff" or "Clorox") and Defendants INDUSTRIAS ALEN, S.A. de C.V.[1] and ALEN USA, L.P. ("Defendants") submit the following.

**1. JURISDICTION AND SERVICE**

The parties agree that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331, 1338, and 1367. Venue is proper in this district pursuant to 28 U.S.C. §1391. All Defendants have been served.

The parties agree that this Court has personal jurisdiction over Defendant AlEn USA, L.P. ("AlEn USA").

Plaintiff contends that this Court has personal jurisdiction over Defendant Industrias AlEn, S.A. de C.V. ("Industrias AlEn") because this action arises out of acts committed by Industrias AlEn that were purposely directed toward California.

Defendant Industrias AlEn denies that this Court has personal jurisdiction over it, as set forth in its motion to dismiss for lack of personal jurisdiction, currently pending, and the memorandum of law in support of that motion.

**2. FACTS**

Statement by Clorox:

Clorox and its predecessors in interest have promoted and sold all purpose cleaner under the mark PINE-SOL (the "PINE-SOL Mark") in the United States for over 55 years. The PINE-SOL Mark is one of the most famous and valuable marks in that market and is the best selling cleaning product in the United States. Clorox has owned a trademark registration for PINE-SOL as a general household cleaner since 1993. Defendant Industrias AlEn, S.A. de C.V. is a Mexico-based company that sells cleaning products; Defendant AlEn USA, L.P. is the North American subsidiary of Industrias AlEn that acts as the agent, alter ego, and marketing conduit of Industrias AlEn in the

[1] The specially appearing Defendant Industrias Alen, S.A. de C.V. joins this statement without waiving its objections to jurisdiction, as raised in its June 27, 2012 motion to dismiss (Dkt. No. 29).

United States. Industrias AlEn has publicly claimed that "It's been 25 years since Industrias AlEn began exporting their leading brands to the United States," that "[b]ased out of Houston, our US operations have expanded with distributions centers all across the nation to meet increasing demand," and that Industrias AlEn is "seek[ing] to replicate its success in the North American market, specifically the growing Hispanic population."

In July 2009, Industrias filed an intent-to-use application with the United States Patent and Trademark Office ("PTO") for the mark PINOL for "Liquid soap," later claiming a first use in commerce in the United States in September 2010. In February 2010, Industrias AlEn filed an intent-to-use application for PINOL for "detergents for household, kitchen, and laundry use", later claiming a first use in commerce in the United States in November 2010. Clorox learned in 2011 that Defendants were selling laundry soap under the PINOL mark in California. Moreover, Defendants indicated that they also intend to promote and market all purpose cleaner and cleaning wipes under the PINOL mark in the United States after their initial foray with laundry soap. While Defendants claim that they have been selling PINOL products in the United States since 1998, this claim is contradicted by Industrias's own statements made to the PTO and in proceedings between the parties before the Trademark Trial and Appeal Board.

Clorox believes that the use of the PINOL mark by Defendants is intended to trade on and take advantage of the goodwill Clorox has developed at considerable expense for the PINE-SOL Mark, and that Defendants' uses of that mark should be enjoined because Defendants' use of the PINOL mark is likely to dilute the famous and distinctive PINE-SOL Mark and to cause confusion as to the source or sponsorship of the PINOL product line.

<u>Statement by Defendants</u>:

Industrias AlEn is a Mexican holding company that conducts no business in the United States. It is the owner in numerous countries of the PINOL trademark—including in Mexico and the United States—which its subsidiaries use under implied licenses for a wide variety of household cleaning and laundry products. AlEn USA, not Industrias AlEn, distributes products under these trademarks in the United States.

PINOL is a leading brand of household cleaning and laundry products, and has coexisted with

Plaintiff's PINE-SOL brand, for decades outside of the United States. Although the PINOL brand is best known in Latin America, PINOL products have been popular in the United States for more than a decade. AlEn USA has distributed these products in the United States since 1998, in co-existence with Plaintiff's PINE-SOL products, without any actual confusion between the PINOL and PINE-SOL marks. The U.S. Patent and Trademark Office has issued several trademark registrations for PINOL and PINOL-related marks to Industrias AlEn, finding no likelihood of confusion with PINE-SOL or any third party marks. Similarly, registrations for PINOL and PINE-SOL have coexisted on the Mexican trademark registry for decades. Due to its long history and extensive advertising and sales, the PINOL mark is well known among Mexican-American and other Latino consumers in the United States, and it has come to symbolize the high quality and value of the products sold under the mark. As such, consumers of PINOL products—especially the target Mexican-American consumers—are not likely to be confused into believing that PINOL products come from, or are sponsored or endorsed by, or otherwise affiliated with, the make of PINE-SOL products. (Indeed, the parties' CLOROX and CLORALEX marks for bleach also have long co-existed, without causing confusion, as confirmed by the co-existence agreement between the parties.) Similarly, given the distinctiveness of the PINOL mark and its renown among the relevant consumers, as well as the long co-existence in the marketplace of PINOL and PINE-SOL, and the coexistence of PINE-SOL with other marks containing the prefix PIN- or the suffix –OL, including the marks PINE-O-PINE, EXTRA PINE, PINE GOLD, PINE POWER, PINE GLEAM, PINE-GLO, PINECO, PINENE, PINERITE, PINE ACTION, PINE TIME, PINE SHINE, PINE VALUE, LYSOL, KLINOL, ELECTRASOL and VANI-SOL, AlEn USA's use of the mark PINOL is not likely to dilute the distinctiveness of the PINE-SOL mark. Moreover, the mark PINE-SOL is not eligible for dilution protection because that mark is not famous among the general consuming public.

## 3. LEGAL ISSUES

Statement by Clorox:

Plaintiff believes that the following factual issues, legal issues, and/or mixed issues of law and fact are in dispute:

- Is Defendant Industrias AlEn subject to personal jurisdiction in this court, given its public

statements that it directs its products to the United States and AlEn USA acts as its agent, alter ago, and marketing conduit in California?

- Have the PINE-SOL Marks been famous since before Defendants began using the PINOL mark in the United States?
- Does Defendants' use of the PINOL mark dilute by blurring the strength and value of Plaintiff's PINE-SOL Marks within the meaning of Section 43 of the Lanham Act, 15 U.S.C. §1125(c)(2)(B), considering (1) the fame of the PINE-SOL mark; (2) the similarity of the marks PINE-SOL and PINOL; (3) Plaintiff's exclusive use of the PINE-SOL mark; (4) Defendants' intent in selecting the PINOL mark; and (5) documented instances of actual confusion between PINE-SOL and PINOL.
- Does Defendants' use of the PINOL mark create a likelihood of confusion, mistake or deception in the minds of prospective consumers as to the origin, sponsorship or approval of Defendant's services within the meaning of Sections 32 or 43 of the Lanham Act, 15 U.S.C. §§1114, 1125(a), considering (1) the strength of the PINE-SOL mark; (2) the closely-related nature of the PINE-SOL and PINOL cleaning products; (3) the similarity of the marks PINE-SOL and PINOL, (4) documented instances of actual confusion between PINE-SOL and PINOL; (5) overlapping if not identical marketing channels used for the parties' cleaning products; (6) the fact that the parties' cleaning products are cheap purchases made primarily at grocery stores; (7) Defendants' intent in selecting the PINOL mark; and (8) the likelihood of expansion of the parties' respective PINE-SOL and PINOL cleaning product lines.
- Does Defendants' use of the PINOL mark constitute an unfair business act or practice in violation of Business and Professions Code Sections 17200, *et seq.*?
- Were Defendants aware of Plaintiff's PINE-SOL Marks when they began using the PINOL mark in the United States?
- Does Defendants' use of the PINOL mark with knowledge of Plaintiff's and its predecessors-in-interests' prior use of the PINE-SOL mark entitled Plaintiff to treble damages?

- Whether Defendants have actually been making sales of products under the PINOL mark in the United States since 1998 as they now claim, and whether such alleged sales, if they occurred, were sufficient in size and nature such that Plaintiff could or should have been aware of them.

Statement by Defendants:

Defendants believe that the following factual issues, legal issues, and/or mixed issues of law and fact are in dispute:

- Whether Defendant Industrias AlEn is subject to personal jurisdiction in the Northern District of California, despite the fact that it conducts no business in the United States.
- Whether Plaintiff's PINE-SOL marks are famous, and have been famous since Defendants began using the PINOL mark in the United States, among the general consuming public. (These are prerequisites for protection under the Trademark Dilution Revision Act.)
- Whether there is any likelihood of confusion, mistake or deception in the minds of prospective consumers as to the origin, sponsorship or approval of AlEn USA's products within the meaning of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§1114, 1125(a) between Plaintiff's PINE-SOL and AlEn USA's PINOL products considering (a) the dissimilarity of the marks PINE-SOL and PINOL, (b) the characteristics of the consumers who purchase PINOL, (c) the channels of trade through which PINOL enters the market, including markets that target Mexican-American consumers (d) the long coexistence in the marketplace of PINE-SOL, PINOL, and other marks containing the prefix PIN- or the suffix –OL, and (e) the fact that there has been no actual confusion during the more than 10 years that PINOL and PINE-SOL products have coexisted in U.S. markets.
- Whether AlEn USA's use of the PINOL marks is likely to dilute the distinctiveness or a distinctive character of Plaintiff's PINE-SOL marks within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c)(2)(B), considering (a) the dissimilarity of the marks, (b) the coexistence of PINE-SOL and other marks containing the prefix PIN- or the suffix -OL, (c) Plaintiff's lack of intent to dilute, and (d) the fact that no actual dilution has occurred in the more than 10 years that PINOL and PINE-SOL products have coexisted in

U.S. markets.

- Whether AlEn USA intentionally used the PINOL marks with knowledge of Plaintiff's and its predecessors-in-interests' prior use of the PINE-SOL marks.
- Whether AlEn USA's use of PINOL marks is in good faith based on the long coexistence of PINOL and PINE-SOL brands.
- Whether PINOL and PINE-SOL are relevantly similar marks in light of the inclusion of pine-derived ingredients in both products and the number of competitive products in the marketplace with brands that derive from PINE formatives.
- Whether AlEn USA's use of the PINOL marks constitutes an unfair business act or practice in violation of California Business and Professions Code Sections 17200, *et seq.*
- Whether laches bars relief because Plaintiff has known of sales of PINOL in U.S. markets for more than a decade and has failed to take action.
- Whether principles of waiver, acquiescence and estoppel bar relief because Plaintiff has allowed PINOL and PINE-SOL to coexist in U.S. markets.
- Whether the relevant statutes of limitations bar relief because Plaintiff has failed to bring any available claims within the time allowed.
- Whether the doctrine of unclean hands bars relief because Plaintiff has not acted in good faith in pursuing its claims.
- Whether Plaintiff should be prevented from collecting damages due to its failure to mitigate damages.

## 4. MOTIONS

Defendant Industrias AlEn has filed a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). There are no other pending motions.

The parties agree that possible future motions would be for discovery disputes and summary judgment.

## 5. AMENDMENT OF PLEADINGS

On August 22, 2012, pursuant to the parties' stipulation, the Court issued an order granting the filing of Plaintiff's First Amended Complaint. Dkt. No. 50. Defendant AlEn USA filed its Answer

and Counterclaims to the First Amended Complaint on August 23, 2012. Dkt. No. 51. Clorox filed its Answer to First Amended Counterclaims on August 30, 2012.

Clorox proposes a deadline of 60 days from the date of the case management conference for further amendments to the Complaint. Clorox believes this time is necessary because it needs discovery to determine whether Defendants are currently using the mark PINOL on all-purpose cleaners, pre-moistened wipes for cleaning, or any other cleaning products, and whether they are currently using ALEN PINOL and PINALEN BY PINOL on cleaning products; if they are making such uses, Clorox would amend its Complaint to address these uses as well. AlEn USA does not object to this schedule provided that AlEn USA may amend its counterclaims within 60 days of the case management conference, or 14 days of any amendment by Clorox, whichever is later.

**6. EVIDENCE PRESERVATION**

Each side has taken steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

Plaintiff and Defendant AlEn USA, LP served initial disclosures under Federal Rule of Civil Procedure 26 on June 29, 2012.

**8. DISCOVERY**

Plaintiff and Defendant AlEn USA, LP have served written discovery requests and responses. On August 1, 2012, this Court signed the parties' stipulated protective order (Dkt. No. 46). No other discovery has been conducted at this time.

Plaintiff asserts that, depending upon the outcome of Defendant Industrias AlEn's Motion To Dismiss, it may need additional discovery targeted at jurisdictional issues as requested in its Opposition to Defendant's Motion to Dismiss, including fifteen (15) additional interrogatories beyond the usual limit of 25 to each of the Defendants, geared toward jurisdictional facts.

Defendant contends that no changes need to be made at this time to the Federal Rules of Civil Procedure with respect to limitations on discovery, and no jurisdictional discovery is warranted.

**9. CLASS ACTIONS**

This litigation is not a class action.

**10. RELATED CASES**

There is a related case pending in the Trademark Trial and Appeal Board ("TTAB"), *The Clorox Company v. Industrias AlEn S.A. de C.V.*, Consolidated Opposition and Cancellation Proceeding, No. 91200388. That proceeding is stayed pending the outcome of this lawsuit.

**11. RELIEF**

Clorox seeks the following relief:

- That Defendants be adjudged to have diluted the distinctiveness of Clorox's PINE-SOL Marks, in violation of federal law;
- That Defendants be adjudged to have willfully and deliberately infringed Clorox's registered PINE-SOL Marks, in violation of federal law;
- That Defendants be adjudged to have competed unfairly with Clorox by their infringing use of the PINOL mark, in violation of federal law;
- That Defendants be adjudged to have competed unfairly with Clorox by their infringing use of the PINOL mark, in violation of state law;
- That Defendants be temporarily, preliminarily and permanently enjoined and restrained from:
    - Using the PINOL mark, including any reproduction, copy or colorable imitation of said mark, in connection with the advertising, offering for sale, distribution or sale of detergent or any other related goods or services that are not authorized by Clorox;
    - Assisting, aiding or abetting any other person or business entity in engaging in or performing the activities above;
- That Defendants be ordered to deliver to Clorox all materials that dilute or infringe Clorox's PINE-SOL Marks;
- That Registration No. 3,918,071 be cancelled;
- That Registration No. 3,880,953 be cancelled;
- For an award of all profits heretofore realized by Defendants during their use of the infringing marks pursuant to 15 U.S.C. Section 1117;

- For an award of three times the amount of Defendants' profits and Clorox's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117;
- For an award of pre-and post-judgment interest;
- For an award of costs; and
- For all other relief the Court deems just and proper.

Industrias AlEn seeks dismissal of the claims against it for lack of personal jurisdiction.

AlEn USA seeks the following relief:

- That the Court dismiss the Complaint in its entirety and declare that the use of the PINOL, ALEN PINOL, and PINALEN BY PINOL marks on cleaning and laundry products in the United States does not infringe, dilute or otherwise violate any of Clorox's rights;
- That the Court enter judgment for Defendant and against Plaintiff;
- For an award of Defendant's costs;
- For an award of Defendant's reasonable attorneys' fees pursuant to 15 U.S.C. Section 1117; and
- For all other relief the Court deems just and proper.

**12. SETTLEMENT AND ADR**

The parties have agreed to private mediation to be conducted on October 22, 2012.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to the assignment of Magistrate Judge Joseph C. Spero for all purposes.

**14. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties believe that after some discovery is conducted, they will be in a better position to address narrowing of the issues.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this case could be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING**

The parties propose the following schedule:

| | | |
|---|---|---|
| 1. | Initial Disclosures: | June 29, 2012 |
| 2. | Fact discovery cut-off: | March 1, 2013 |
| 3. | Initial Expert designations for the party bearing the burden of proof: | March 15, 2013 |
| 4. | Rebuttal Expert designations for the party bearing the burden of proof and Initial Expert designations for the responding party: | April 12, 2013 |
| 5. | Rebuttal Expert designations for the responding party: | May 10, 2013 |
| 6. | Expert discovery cut-off: | May 31, 2013 |
| 7. | Dispositive motion cut-off: | June 7, 2013 |
| 8. | Pretrial Conference: | August 2, 2013 |
| 9. | Trial: | September 23, 2013 |

**18. TRIAL**

This case will be tried to a jury. The parties believe that the trial should take approximately 8 days. Plaintiff and Defendants believe the case should be calendared for trial, if the Court's calendar permits, in late September 2013.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants have filed a Certification of Interested Parties or Persons under Civil Local Rule 3-16.

**20. OTHER**

None.

DATED: August 31, 2012.

ARNOLD & PORTER LLP

By: /s/ *Martin R. Glick*
MARTIN R. GLICK

Attorneys for Plaintiff
THE CLOROX COMPANY

FENWICK & WEST LLP

By: /s/ *Jedediah Wakefield*
ANDREW P. BRIDGES
JEDEDIAH WAKEFIELD
ERIN SIMON

DEBEVOISE & PLIMPTON LLP
DAVID H. BERNSTEIN
ANDREW M. COHEN

Attorneys for Defendants INDUSTRIAS ALEN, S.A. DE C.V. and ALEN USA, L.P.

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

UNITED STATES MAGISTRATE JUDGE SPERO