MARTIN R. GLICK (No. 40187)
martin.glick@aporter.com
SARAH J. GIVAN (No. 238301)
sarah.givan@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:     415.471.3100
Facsimile:      415.471.3400

Attorneys for Plaintiff
THE CLOROX COMPANY

ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

DAVID H. BERNSTEIN (admitted *pro hac vice*)
dhbernstein@debevoise.com
ANDREW M. COHEN (admitted *pro hac vice*)
amcohen@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Telephone:     212.909.6696
Facsimile:      212.521.7696

Attorneys for Defendants
INDUSTRIAS ALEN, S.A. DE C.V., and
ALEN USA, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| THE CLOROX COMPANY, | No. 12-cv-01468-JCS |
|---|---|
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANT INDUSTRIAS ALEN** |
| v. | |
| INDUSTRIAS ALEN, S.A. DE C.V, and ALEN USA, L.P. | |
| Defendants. | |

1    WHEREAS, Industrias AlEn, S.A. de C.V. ("Industrias AlEn") has been named as a defendant

2    in this action; and

3    WHEREAS, on June 27, 2012, Industrias AlEn filed a Motion to Dismiss (the "Motion"),

4    which came up for hearing before Magistrate Judge Spero on September 7, 2012;

5    WHEREAS, at the hearing on September 7, 2012, counsel for Plaintiff The Clorox Company

6    ("Clorox") and counsel for Defendants Industrias AlEn and AlEn USA, L.P. ("AlEn USA")

7    (collectively, the "Parties") met and conferred regarding a possible resolution to the Motion, and

8    Magistrate Judge Spero put the hearing on the Motion over to October 5, 2012, in order to allow the

9    Parties to further meet and confer on this issue;

10   WHEREAS, the Parties are interested in working together to allow the case to proceed on a

11   basis that does not unduly burden Industrias AlEn or subject it to personal jurisdiction in the United

12   States while at the same time does not prejudice Clorox in pursuit of its claims or in defense of the

13   counterclaims asserted against it;

14   WHEREAS, Clorox and AlEn USA agree that venue is proper in this court and have

15   consented to Magistrate Judge Spero to preside over this case; and Industrias AlEn consents to

16   venue in this Court, and has consented to Magistrate Judge Spero, for the purpose of this Stipulation

17   and Proposed Order and for any actions flowing from the Stipulation and Proposed Order;

18   WHEREAS, Industrias AlEn represents that it is a Mexican corporation that does no business

19   in the United States, and thus lies outside the Court's personal jurisdiction; and

20   WHEREAS, AlEn USA represents that it is an indirect, wholly-owned subsidiary of Industrias

21   AlEn, that it does business in the United States and  that it is responsible for the sale in the United

22   States of the AlEn products that Plaintiff challenges in the Complaint.

23   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the

24   Parties as follows:

25   1.    The complaint is dismissed without prejudice as to Industrias AlEn, S.A. de C.V.

26   2.    Notwithstanding the dismissal of Industrias AlEn as a party, Industrias AlEn and AlEn

27   USA agree that all written discovery in this action directed at AlEn USA will be responded to by

28   AlEn USA with the full cooperation of Industrias AlEn, such that if Industrias AlEn or any of its

STIP. AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANT INDUSTRIAS ALEN
- 1 -                                                                                          12-cv-01468-JCS

1    subsidiaries in Mexico possess any responsive knowledge or documents not in the possession of
2    AlEn USA, Industrias AlEn will provide that knowledge or documents to AlEn USA. AlEn USA
3    will produce such knowledge and documents in its responses and will not argue that such knowledge
4    or documents are outside AlEn USA's possession, custody, or control and not subject to discovery on
5    that basis. AlEn USA will remain free to make any other objections to production normally
6    permitted under the applicable rules. Any materials withheld on a claim of privilege will be logged
7    in accordance with rules applicable in this court, regardless of the geographic locus on the claim of
8    privilege. AlEn USA shall be entitled to assert privileges or other protection on behalf of Industrias
9    AlEn and its affiliates, and no communication of documents or information between Industrias AlEn
10   or its other affiliates and AlEn USA shall constitute a waiver of any privileges or other protection.

11          3.      Documents and information produced by Clorox and by Industrias AlEn in the related
12   case pending in the Trademark Trial and Appeal Board ("TTAB"), *The Clorox Company v. Industrias*
13   *AlEn S.A. de C.V.*, Consolidated Opposition and Cancellation Proceeding, No. 91200388, will be
14   deemed produced in this action, subject to objections that Industrias AlEn asserted in the TTAB, such
15   that Clorox and AlEn USA may use all confidential information and documents produced in the
16   TTAB proceeding in this action, respecting their confidentiality designations under the Protective
17   Order entered in this action, as if it had been produced in this action.

18          4.      To the extent that AlEn USA intends to rely on any employees or activities of its
19   affiliates (including its ultimate parent Industrias AlEn and all of Industrias AlEn's subsidiaries)
20   outside the United States as witnesses at trial in support of its claims or defenses in this action, such
21   individuals ("Supporting Witnesses") will be listed in AlEn USA's initial disclosures (including
22   supplemental or amended initial disclosures), and both Industrias AlEn and AlEn USA agree to make
23   those employees and/or persons testifying regarding such activities available for deposition in the
24   United States at reasonable times and locations.

25          5.      Notwithstanding the dismissal of Industrias AlEn as a party, Industrias AlEn agrees to
26   submit to one (1) 30(b)(6) deposition as if it were a party to this action. This deposition, insofar as it
27   involves witnesses other than Supporting Witnesses, will be conducted under the laws of the United
28   States, the Federal Rules of Civil Procedure, and the local rules of the Northern District of California,

1  regardless of where taken.  If the designated witness or witnesses are fluent in English and

2  comfortable being deposed in English without the aid of a translator, the deposition may last up to 7

3  hours over the course of one day.  If a designated witness or witnesses require the aid of a translator,

4  the deposition will occur in the United States in either California or Texas at the election of

5  Industrias AlEn, may last up to 10 hours over the course of one or two days at the election of

6  Industrias AlEn, and will have a translator to be selected by Clorox.  The agreed Clorox 30(b)(6)

7  notice to Industrias AlEn is attached to this stipulation and marked Exhibit A.  AlEn USA and/or

8  Industrias AlEn will designate its representative(s) in good faith in compliance with the Federal

9  Rules of Civil Procedure.

10      6.     The parties intend any final judgment in this case to be *res judicata* as between Clorox

11  on the one hand and AlEn USA, Industrias AlEn, and their affiliates on the other hand as to claims

12  actually litigated or that could be litigated in this action and to create collateral estoppel as between

13  the same parties of any claims actually litigated  in this action.  Any injunctive relief that may be

14  ordered against AlEn USA with respect to the products at issue in the First Amended Complaint will

15  be fully effective against all of its affiliates (including its ultimate parent Industrias AlEn and all of

16  Industrias AlEn's subsidiaries) with respect to the sale of these products in the United States. If this

17  Court rules in this action that any of the *United States* Trademark Registration Numbers at issue in

18  the TTAB Proceeding should be cancelled and that ruling becomes final, Industrias AlEn will

19  surrender those registrations for cancellation in the United States Patent & Trademark Office.

20  Likewise, if this Court rules in this action that any of the United States Trademark Registration

21  Numbers at issue in the TTAB Proceeding should not be cancelled and that ruling becomes final,

22  Clorox will dismiss its Petition for Cancellation or Notice of Opposition against such

23  registration(s)/application.

24      7.     Nothing in this Stipulation or any resulting Court Order, and no actions taken in reliance

25  on it such as depositions within the United States, shall constitute any submission to or exercise of,

26  or be evidence of, personal jurisdiction in the United States over Industrias AlEn or its non-US-based

27  affiliates.

28      8.     In entering into this stipulation, the Parties understand that the Court may issue

STIP. AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANT INDUSTRIAS ALEN
12-cv-01468-JCS

1    appropriate sanctions against AlEn USA if either it, Industrias AlEn, or its affiliates fails to comply

2    with the terms of this stipulation and the Order which will follow.  Similarly, the Court may issue

3    appropriate sanctions against Clorox if it does not comply with the terms of this stipulation and the

4    Order which will follow.

5        9.    The October 5, 2012 hearing on the Motion is taken off calendar.

6

7    DATED:  October 10, 2012.            ARNOLD & PORTER LLP

8
                                        By: /s/ *Martin R. Glick*
9                                           MARTIN R. GLICK

10                                      Attorneys for Plaintiff
                                        THE CLOROX COMPANY
11
                                        FENWICK & WEST LLP
12

13                                      By: /s/ *Andrew P. Bridges*
                                            ANDREW P. BRIDGES
14                                          JEDEDIAH WAKEFIELD
                                            ERIN SIMON
15
                                        DEBEVOISE & PLIMPTON LLP
16                                          DAVID H. BERNSTEIN
                                            ANDREW M. COHEN
17
                                        Attorneys for Defendants INDUSTRIAS ALEN, S.A.
18                                      DE C.V. and ALEN USA, L.P.

19                                      INDUSTRIAS ALEN, S.A. DE C.V.

20
                                        By: /s/ *Luis Miguel de la Peña*
21                                          Luis Miguel de la Peña

22

23              **ATTESTATION UNDER GENERAL ORDER 45**

24        I, Martin R. Glick, am the ECF User whose ID and password are being used to file this

25   STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANT INDUSTRIAS

26   ALEN.  In compliance with General Order 45, X.B., I hereby attest that all the signatories above

27   have concurred in this filing.
                                        /s/ *Martin R. Glick*
28                                      MARTIN R. GLICK

**ORDER**

IT IS SO ORDERED.

Dated:   Oct. 15, 2012

_____
HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE