1  ANDREW P. BRIDGES (CSB No. 122761)
   abridges@fenwick.com
2  JEDEDIAH WAKEFIELD (CSB No. 178058)
   jwakefield@fenwick.com
3  SEBASTIAN E. KAPLAN (CSB No. 248206)
   skaplan@fenwick.com
4  ERIN SIMON (CSB No. 268929)
   esimon@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA 94104
   Telephone:  415.875.2300
7  Facsimile:  415.281.1350

8  DAVID H. BERNSTEIN (*admitted pro hac vice*)
   dhbernstein@debevoise.com
9  DEBEVOISE & PLIMPTON LLP
   919 Third Avenue
10 New York, New York 10022
   Telephone:  212.909.6696
11 Facsimile:  212.521.7696

12 JOHN M. MURPHY (*admitted pro hac vice*)
   jmurphy@aml.com.mx
13 AROCHI, MARROQUIN & LINDNER, S.C.
   Insurgentes Sur 1605-Piso 20
14 Col. San Jose Insurgentes
   03900 Mexico D.F.
15 Telephone:  52.55.41.70.20.50
   Facsimile:  52.55.50.95.20.28
16
   Attorneys for Defendant
17 ALEN USA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CLOROX COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INDUSTRIAS ALEN, S.A. DE C.V., and ALEN USA, L.P.,<br><br>　　　　　Defendants. | Case No.: CV 12-01468-JCS<br><br>**DEFENDANT ALEN USA'S OPPOSITION TO THE CLOROX COMPANY'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Defendant Alen USA, LLC[1] respectfully submits this opposition to the Clorox Company's Administrative Motion to consider whether a recently filed case, *The Clorox Company v. Industrias Alen, S.A. de C.V. and Alen USA, L.P.*, Case No. 13-cv-01536-JST ("the Cloralex Litigation") is related to this case within the meaning of Civil Local Rule 3-12.

## INTRODUCTION

Unlike this case, which involves claims of infringement and dilution of the PINE-SOL mark, the Cloralex Litigation centers on a contract between Clorox and non-party Industrias AlEn, S.A. de C.V. ("IASA"), in which Clorox and IASA agreed—over fifteen years ago—to the co-existence of the CLOROX and CLORALEX brands. The cases thus involve unrelated transactions, different evidence, different marks, and only partially overlapping parties. Dkt. 77 ("Motion") at 1-2. Given these substantial differences, there is no risk of duplication of effort or potentially contradictory results if the cases proceed as they are currently assigned. Rather, the most likely result of relating the cases would be an adverse impact on the schedule of this case, which has been pending for over a year and is approaching the close of fact discovery. Accordingly, relation would be improper here.

## ARGUMENT

Civil Local Rule 3-12(a) provides that cases may only be related when "(1) [t]he actions concern substantially the same parties, property, transaction or event" *and* "(2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expenses or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). As Rule 3-12(a) explicitly recognizes, relation is improper unless both prongs are met. *Id*.

**I. THE ACTIONS INVOVLE DIFFERENT PARTIES, PROPERTY, TRANSACTIONS AND EVENTS.**

As the Court is aware, this action involves allegations that AlEn USA's use of the PINOL mark infringes and dilutes Clorox's PINE-SOL marks. *See* Dkt. 1. While Clorox initially brought this action against both AlEn USA and its foreign parent company, IASA, the parties

---

[1] AlEn USA, L.P. converted to a Texas limited liability company effective as of January 1, 2013, and now operates as AlEn USA, LLC.

| ALEN USA'S RESPONSE TO CLOROX'S ADMIN. MOTION TO RELATE CASE | 1 | CASE NO.: CV 12-01468-JCS |

stipulated to IASA's dismissal following its motion to dismiss for lack of personal jurisdiction. *See* Dkt. 60. There are no allegations anywhere in the Complaint concerning the CLORALEX mark.

In contrast, the recently filed Cloralex Litigation concerns wholly different trademarks, products, and events. Specifically, Clorox, now represented by different counsel, alleges that Clorox and IASA entered into a 1995 coexistence agreement governing use of the CLORALEX mark. Clorox contends that IASA breached the 1995 agreement by offering Cloralex products in blue and red packaging that the agreement allegedly did not permit. Cloralex Dkt. 1. Clorox also claims that it is now free from its obligations under that agreement, and it asserts claims for infringement and dilution arising from the longstanding use of the CLORALEX mark. *Id*. The new complaint does not assert any claims related PINOL-branded products, and indeed, never mentions PINOL or PINE-SOL.

While acknowledging these substantial differences, Clorox asserts that the actions may be related because both involve Clorox and AlEn USA as common parties, claims for trademark infringement and dilution, and because—according to Clorox—the 1995 coexistence agreement "has been the subject of discovery" in this action. Motion at 1-2.[2] This is not sufficient to satisfy the first prong of Civil L.R. 3-12(a).

*First*, while both cases involve Clorox and AlEn USA, IASA is no longer a party to this lawsuit. In the Cloralex Litigation, however, the complaint not only names IASA, but identifies it as the *only* defendant that is a party to the 1995 agreement. Cloralex Dkt. 1, Ex. A. *Second*, the "property" at issue in the two cases is different: the PINE-SOL and PINOL marks in this case, and CLOROX and CLORALEX marks in the Cloralex Litigation. Motion at 1-2. *Third*, the events and transactions at issue in the two cases are substantially different. The Cloralex Litigation involves the negotiation and execution of the 1995 agreement, and the defendants' alleged breach

---

[2] Clorox's assertion that the 1995 agreement "has been the subject of discovery" is overstated. Motion at 2. While that agreement was produced among thousands of documents in this case, it has not been the subject of any specific discovery requests.

of that agreement by using the wrong shades of blue and red on certain laundry products. Motion at 2 (conceding that "[t]he parties' prior agreement is not at issue in the immediate action").

Where, as here, cases involve different intellectual property, different products, and only a partial overlap in parties, courts should not relate them. *See Hynix Semiconductor, Inc. v. Rambus Inc.*, No. C-00-20905, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (finding first prong of Civil L.R. 3-12(a) not met and denying motion to relate in a case involving partially overlapping patents, partially overlapping parties, and different technology). For this reason alone, the Court should not relate the cases.

## II. THERE IS NO RISK OF UNDULY BURDENSOME DUPLICATION OF EFFORT OR INCONSISTENT RESULTS.

Given the significant differences in the events and issues involved in the two cases, there would be no risk of unduly burdensome duplication of efforts or inconsistent results if the cases were to proceed as currently assigned.

As Clorox acknowledges, a core issue in the Cloralex Litigation—the alleged breach of the 1995 coexistence agreement—is not at issue in this case. Motion at 2. The contract claims also underpin Clorox's infringement and dilution claims. *See* Cloralex Dkt. 1, ¶¶ 42-43, 58, 64, 69 and 77 (claiming right to challenge CLORALEX because contract obligations "have been extinguished"). A central issue in the Cloralex Litigation will be whether Clorox's claims are time-barred, as the alleged breach—AlEn's use of blue and red colors in packaging that Clorox now finds objectionable—began over four years ago. Because these contract issues are present only in the Cloralex Litigation, they present no risk of duplication of efforts or inconsistent results here.

Even setting aside the unique contract issues in the Cloralex Litigation, given that the marks and products at issue in the two cases are significantly different, none of the factors assessed in determining likelihood of confusion or dilution would be subject to common discovery or proof. For example, a finding that the PINE-SOL mark is weak due to widespread third-party use of PINE and SOL marks would be irrelevant to the weakness or strength of the CLOROX mark.

Additionally, the fact that the cases are at substantially different procedural stages—with this case having been subject to more than a year of litigation, motion practice, and substantial discovery efforts—further demonstrates that no efficiencies could be gained from relation. *See, e.g.*, *Hodges v. Akeena Solar, Inc.*, Nos. CV 09-02147, 2010 WL 2756536 at *1 (N.D. Cal. July 9, 2010) (denying motion to relate cases in part because the original action had progressed past the motion to dismiss stage); *Hynix Semiconductor*, 2008 WL 3916304 at *2.

As such, the cases do not satisfy the second prong of Civil L.R. 3-12(a), and relation is not proper here.

## CONCLUSION

Given the substantial differences in the parties, property, events, and transactions at issue, and as there is no risk of duplication of effort or inconsistent results if the cases proceed as currently assigned, the Court should not order the cases related.

Dated: April 12, 2012

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
    Andrew P. Bridges
    Jedediah Wakefield
    Sebastian E. Kaplan
    Erin Simon

Attorneys for Defendant
ALEN USA, LLC