ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

DAVID H. BERNSTEIN *(admitted pro hac vice)*
dhbernstein@debevoise.com
CHARLES W. BAXTER
cwbaxter@debevoise.com *(admitted pro hac vice)*
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: 212.909.6696
Facsimile: 212.521.7696

JOHN M. MURPHY *(admitted pro hac vice)*
jmurphy@aml.com.mx
AROCHI, MARROQUIN & LINDNER, S.C.
Insurgentes Sur 1605-Piso 20
Col. San Jose Insurgentes
03900 Mexico D.F.
Telephone: 52.55.41.70.20.50
Facsimile: 52.55.50.95.20.28

Attorneys for Defendant
ALEN USA, LLC

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CLOROX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ALEN USA, LLC<br><br>Defendant. | Case No.: CV 12-01468-JCS<br><br>**DEFENDANT ALEN USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS OR STAY**<br><br>Date: December 6, 2013<br>Time: 9:30 a.m.<br>Courtroom: G<br>Judge: The Hon. Joseph C. Spero |

# TABLE OF CONTENTS

Page

INTRODUCTION ........ 1

PROCEDURAL BACKGROUND ........ 2

ARGUMENT ........ 3

I. THE COURT SHOULD NOT AUTHORIZE CLOROX TO WASTE THE PAST EIGHTEEN MONTHS OF EFFORT AND EXPENSE IN THIS CASE, AND TO ENGAGE IN PROCEDURAL GAMESMANSHIP, BY DISMISSING THE ACTION WITHOUT PREJUDICE. ........ 3

A. Clorox's Motion Seeks Permission for Procedural Gimmickry to Fix Its Case and to Cause AlEn Legal Prejudice by Escaping the Federal Registration Bar to Clorox's Dilution Claim. ........ 3

B. AlEn's Counterclaims for Declaratory Relief Moot Clorox's Efforts to Dismiss Its Claims. ........ 8

II. THIS COURT SHOULD NOT STAY THIS CASE PENDING RESOLUTION OF CLOROX'S LATER-FILED ITC ACTION ........ 10

CONCLUSION ........ 13

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arteris S.A.S. v. Sonics, Inc.*,
C 12-0434 SBA, 2013 WL 3052903 (N.D. Cal. June 17, 2013) .......... 10

*Avago Techs. U.S. Inc. v. IPtronics, Inc.*,
No. 5:10-CV-02863-EJD, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013) .......... 12, 13

*Bush v. Cheaptickets, Inc.*,
425 F.3d 683 (9th Cir. 2005) .......... 6

*Cent. Montana Rail v. BNSF Ry. Co.*,
422 Fed. Appx. 636 (9th Cir. 2011) .......... 8

*Central Trust Co., Rochester, N. Y. v. Official Creditors' Comm. of Geiger Enterprises, Inc.*,
454 U.S. 354 (1982) .......... 5, 6

*Certain Agricultural Vehicles and Components Thereof*,
Inv. No. 337-TA-487, Initial Determination, 2004 WL 723330 (Jan. 13, 2004) .......... 11

*Clinton v. Jones*,
520 U.S. 681 (1997) .......... 10

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) .......... 10

*Edwards v. Gen. Elec. Co.*,
C 10-02431 SI, 2011 WL 479991 (N.D. Cal. Feb. 7, 2011) .......... 4

*Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*,
C 03-01431 SBA, 2006 WL 1646110 (N.D. Cal. 2006) .......... 9

*Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*,
187 F.3d 941 (8th Cir. 1999) .......... 8

*Hyde & Drath v. Baker*,
24 F.3d 1162 (9th Cir. 1994) .......... 4

*In re Exxon Valdez*,
102 F.3d 429 (9th Cir. 1996) .......... 12

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
304 F.3d 829 (9th Cir. 2002) .......... 11

*Kennedy v. State Farm Mut. Auto. Ins. Co.*,
46 F.R.D. 12 (E.D. Ark. 1969) .......... 5

*Kern Oil & Refining Co. v. Tenneco Oil Co.*,
792 F.2d 1380 (9th Cir.1986) .......... 8

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Landis v. North American Co.*,
299 U.S. 248 (1936) ........ 10, 12

*LG Electronics, Inc. v. Eastman Kodak Co.*,
09-CV-0344H(BLM), 2009 WL 1468703 (S.D. Cal. May 26, 2009) ........ 11

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ........ 10

*Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*,
299 Fed. Appx. 664 (9th Cir. 2008) ........ 8

*McGraw–Edison Co. v. Preformed Line Products Co.*,
362 F.2d 339 (9th Cir.1966) ........ 9

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ........ 9

*Phillips v. Illinois Cent. Gulf R.R.*,
874 F.2d 984 (5th Cir. 1989) ........ 4

*Rodriguez v. Marx Bros. Pickle Co., Inc.*,
102 F.R.D. 104 (E.D.Wis.1984) ........ 5

*Russ v. Standard Ins. Co.*,
120 F.3d 988 (9th Cir. 1997) ........ 4

*Smith v. Lenches*,
263 F.3d 972 (9th Cir. 2001) ........ 3, 6, 7

*Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*,
28 F. Supp. 2d 989 (E.D. Va. 1998) ........ 12

*Tibbetts By & Through Tibbetts v. Syntex Corp.*,
996 F.2d 1227 (9th Cir. 1993) ........ 4

*Under Armour, Inc. v. Body Armor Nutrition, LLC*,
CIV. JKB-12-1283, 2013 WL 5375444 (D. Md. Aug. 23, 2013) ........ 3, 6, 7, 12

*United States v. Ito*,
472 Fed. Appx. 841 (9th Cir. 2012) ........ 4

*Westlands Water Dist. v. United States*,
100 F.3d 94 (9th Cir. 1996) ........ 3, 4, 6, 7

*Wojtas v. Capital Guardian Trust Co.*,
477 F.3d 924 (7th Cir. 2007) ........ 4

# TABLE OF AUTHORITIES
**(Continued)**

**Page(s)**

**STATUTES**

15 U.S.C. § 1125 .......... 5

15 U.S.C. § 1125(c)(6) .......... 2, 6, 7, 12

28 U.S.C. § 1659 .......... 12

Bankruptcy Reform Act of 1978 § 403(a) .......... 5, 6

Class Action Fairness Act ("CAFA") .......... 6

Pub. L. No. 112-190 § 1(b), 126 Stat. 1436 (Oct. 5, 2012) .......... 2

**RULES**

Bankruptcy Procedure Rule 11-42(a) .......... 5

Fed. R. Civ. P. 41(a)(2) .......... 3, 6, 8, 9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**INTRODUCTION**

After over a year and a half of hard-fought litigation, with enormous investment on both sides of this case, Clorox now asks for leave to dismiss the case and immediately refile it, to allow a change in the dilution law—which Congress only applied *prospectively*—to apply *retroactively* to this action. Alternatively, Clorox asks this Court to stay this case in favor of Clorox's much more recently filed International Trade Commission ("ITC") case against AlEn. Under Ninth Circuit law, neither gambit is permissible.

This Court should not permit Clorox to dismiss this action and refile a new action for two reasons. *First*, a court may not permit a voluntary dismissal where, as here, doing so would inflict legal prejudice on the defendant. Although Clorox claims that its proposed procedural gamesmanship would at most cause AlEn "inconvenience" or "uncertainty," Clorox entirely misses the point that its effort to deprive AlEn of a dispositive legal argument—the federal registration bar to Clorox's pending federal dilution claim—*aims precisely* at causing AlEn legal prejudice by denying it the benefit of the law in force at the time the action began. *Second*, Clorox's gamesmanship ignores the fact that this action may move forward even if Clorox drops its claims; AlEn filed a counterclaim for declaratory relief to force a prompt resolution of the dispute, and this Court should proceed on that counterclaim. Regardless of what Clorox wishes to do with its claims, the *action* should continue, and it commenced before the prospective amendment to the dilution law.

Clorox's one-paragraph alternative request for a stay is equally inappropriate. Clorox seeks a stay as a way to allow its ITC proceeding to leapfrog this case for the same strategic reason as the proposed dismissal: to overcome the statutory bar to its dilution claim. Clorox will doubtless argue that the ITC should not apply the federal registration bar, because the ITC investigation commenced after the amendment to the dilution statute. In addition, apparently unhappy with the results of discovery in this case, and facing a presumption of laches under Ninth Circuit law, Clorox now seeks a "do over" with a different laches standard, new discovery, and new experts in an administrative proceeding. AlEn anticipates that Clorox will use the ITC forum to seek a result that would become the basis of collateral estoppel here after this case returns to

life. Thus, under Clorox's strategy, the stay will deprive AlEn of the statutory bar to Clorox's dilution claim, delay the resolution of the parties' trademark dispute by months, and permit Clorox to create a new record and search for new experts despite the close of discovery in this case.

In light of the harms to AlEn, Clorox must make out a clear case of hardship or inequity to itself in order to justify its procedural contortions. It fails to make any such showing in its motion. Certainly, Clorox's desire to take a mulligan does not suffice. Clorox can show no special hardship or inequity flowing from Congress's determination to apply only prospectively the amendment that eliminated the federal registration bar that exists in this case.

**PROCEDURAL BACKGROUND**

On March 23, 2012, Clorox sued AlEn for, among other things, trademark dilution, alleging that AlEn's use of the PINOL mark is likely to dilute Clorox's PINE-SOL mark by blurring it. Dkt. 1 (Complaint), ¶¶ 21–24, Dkt. 49 (FAC) ¶¶ 23–27. Clorox also sought cancellation of AlEn's federal registrations for its PINOL mark. See Dkt. 49, FAC prayer for relief, ¶ 7. AlEn moved for partial summary judgment on that claim, seeking a ruling that AlEn's federal trademark registrations for its PINOL mark—if found valid—barred Clorox's dilution claim. Dkt. 91. Although Clorox may dispute the validity of AlEn's federal trademark registrations, AlEn has sought to narrow the scope of issues in this case to clarify that Clorox must first prove that AlEn's PINOL registrations should be cancelled based on Clorox's infringement claims before it can prevail on its dilution claim.

When Clorox began this action alleging trademark dilution by AlEn's use of the PINOL mark, 15 U.S.C. § 1125(c)(6) provided that a federal trademark registration barred a claim for trademark dilution. *See* Dkt. 91 at 5. Congress amended that statute on October 5, 2012 and eliminated the federal registration bar for actions only "commenced on or after the date of enactment of this Act." *Id.* (citing Pub. L. No. 112-190 § 1(b), 126 Stat. 1436 (Oct. 5, 2012)). As another court recently held in this exact context, this amendment was prospective only: "the corrected language [of § 1125(c)(6)] was the only change that Congress made with that particular bill, and Congress's failure to direct that the amendment have retroactive effect suggests that



FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Congress intended for the corrected language to apply only prospectively. If the Court ignored this provision, it would be ignoring Congress's instruction on how to address Congress's error. Therefore, the federal registration defense is applicable to federal dilution claims." *Under Armour, Inc. v. Body Armor Nutrition, LLC*, CIV. JKB-12-1283, 2013 WL 5375444, *4 (D. Md. Aug. 23, 2013) (denying partial summary judgment where defendant sought complete resolution of dilution claim, holding availability of cause of action depended on validity of trademark registration).[1]

AlEn has filed a motion for partial summary judgment, now awaiting a hearing, seeking a ruling that its federal registrations for PINOL bar Clorox's dilution claim to the extent Clorox's infringement claim fails to result in cancellation of all of the PINOL registrations. In short, if Clorox's infringement claim fails, its dilution claim must fail as well. Dkt. 91.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## ARGUMENT

### I. THE COURT SHOULD NOT AUTHORIZE CLOROX TO WASTE THE PAST EIGHTEEN MONTHS OF EFFORT AND EXPENSE IN THIS CASE, AND TO ENGAGE IN PROCEDURAL GAMESMANSHIP, BY DISMISSING THE ACTION WITHOUT PREJUDICE.

#### A. Clorox's Motion Seeks Permission for Procedural Gimmickry to Fix Its Case and to Cause AlEn Legal Prejudice by Escaping the Federal Registration Bar to Clorox's Dilution Claim.

Clorox's motion comes after a year and a half of very vigorous litigation on both sides, with robust discovery and full preparation of four motions for partial summary judgment that are ready for hearing and ripe for a decision. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A voluntary dismissal is improper if it would cause defendant legal prejudice. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The Ninth Circuit has held: "legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Although case law does not articulate a precise definition of 'legal prejudice,' the cases focus on the rights

[1] Although the court decided that case on August 23, 2013, it initially held it under seal. The case became available after AlEn filed its motion for partial summary judgment on September 16, 2013.

and defenses available to a defendant in future litigation." *Id.* "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* *See also Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997) (denying voluntary dismissal to avoid effect of failure to demand jury trial); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) (denial of voluntary dismissal appropriate where plaintiff's continued involvement was necessary to resolve other plaintiffs' complex fraud claims); *United States v. Ito*, 472 Fed. Appx. 841, 842 (9th Cir. 2012) (loss of right to seek attorneys fees constituted legal prejudice); *Edwards v. Gen. Elec. Co.*, C 10-02431 SI, 2011 WL 479991 (N.D. Cal. Feb. 7, 2011) (denying motion for voluntary dismissal of defendant the district court found a necessary party).

Here, the legal prejudice is that AlEn will lose the protection of the federal registration bar to Clorox's dilution cause of action in future litigation—namely the complaint Clorox claims it will immediately refile before this court. The federal registration bar is a substantive protection. Clorox expressly admits in its motion that the purpose of its procedural maneuvering is to eliminate AlEn's defense. Clorox's Motion to Dismiss (Mot."), Dkt. 176 at 3 ("Either [form of relief] would effectively wipe the late-asserted registration defense completely out of this action.").

Loss of a legal bar to Clorox's dilution claim—like the loss of any other argument or defense—is quintessentially prejudicial. Indeed, the Ninth Circuit has affirmed the denial of a motion for voluntary dismissal on the ground that the defendant would suffer prejudice by "having to defend the suit in another state where the statute of limitations had not run." *Tibbetts By & Through Tibbetts v. Syntex Corp.*, 996 F.2d 1227 (9th Cir. 1993) (unpublished). The Ninth Circuit cited with approval a similar holding by the Fifth Circuit: "the defendant would be stripped of an absolute defense to the suit—the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding. If this does not constitute clear legal prejudice to the defendant, it is hard to envision what would." *Id.* (citing *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (affirming denial of voluntary dismissal)).

*Accord Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927–28 (7th Cir. 2007) (affirming denial of voluntary dismissal to refile in state with longer limitations period).[2] For the purpose of assessing legal prejudice, the federal registration bar here is analogous to a statute of limitations defense. Like the statute of limitations defense, the federal registration bar provides substantive legal protection to the claims brought by plaintiff.

It is especially inappropriate to allow plaintiff to dismiss and refile a complaint for the purpose of circumventing Congress's decision to apply only prospectively its amendment to eliminate the federal registration bar. The Supreme Court rejected such a motion for voluntary dismissal in a similar situation following the effective date of the Bankruptcy Reform Act of 1978. In *Central Trust Co., Rochester, N. Y. v. Official Creditors' Comm. of Geiger Enterprises, Inc.*, 454 U.S. 354, 359 (1982), the debtor filed a Chapter XI petition shortly before the effective date of the Bankruptcy Reform Act. After the effective date, several of the debtor's subsidiaries filed petitions under the new Chapter 11. The debtor then sought voluntarily to dismiss its petition under the old law in order to refile under the new Chapter 11 to permit consolidation with its subsidiaries' petitions. The Bankruptcy Reform Act, like the amendment to 15 U.S.C. § 1125, was not retroactive. *Cf. id.* at 355–56 (citing Section 403(a) of the Bankruptcy Reform Act). Nevertheless, the bankruptcy court granted the motion under Rule 11-42(a) of the Rules of Bankruptcy Procedure. *Id.* at 356. The Second Circuit remanded, holding dismissal would be improper if it prejudiced the creditors, and it instructed the Bankruptcy Court to consider the existence of actual prejudice. The Supreme Court reversed, holding that the Bankruptcy Court's decision dismissing the debtor's petition to permit refiling under the new Bankruptcy Reform Act "was a result inconsistent with the unambiguous language used by Congress." *Id.* at 360. Moreover, it held "the Court of Appeals erred when it 'amended' § 403(a) to permit refiling under the New Code if such refiling would not actually prejudice the creditors." *Id.* Therefore, the

[2] Courts have also denied voluntary dismissals where plaintiff seeks to obtain the benefit or avoid the burden of substantive law. *See Kennedy v. State Farm Mut. Auto. Ins. Co.*, 46 F.R.D. 12, 14 (E.D. Ark. 1969) (denying dismissal where plaintiff sought to avoid an adverse Arkansas Supreme Court ruling concerning uninsured motorist insurance limits by refiling in different state); *Rodriguez v. Marx Bros. Pickle Co., Inc.*, 102 F.R.D. 104, 106–07 (E.D.Wis.1984) (denying dismissal where plaintiff sought to avoid Wisconsin's statutory employer defense by refiling in Texas).



FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Supreme Court denied the voluntarily dismissal of the original petition without even reaching the question of legal prejudice.

*Central Trust Co.* instructs that voluntary dismissal is improper where a plaintiff seeks to use it to take advantage of prospectively enacted law, *regardless* of whether a defendant will suffer prejudice. It is sufficient that a plaintiff seeks "a result inconsistent with the unambiguous language used by Congress." *Id.*

Clorox does not conceal that it seeks, in this motion, a result inconsistent with the unambiguous language used by Congress in eliminating the registration bar only for new cases after the effective date of the amendment. If the Court were to indulge Clorox here, it would create an unfortunate precedent that plaintiffs would always have an option whether to invoke prospectively applied statutory amendments, while defendants would have to suffer the consequences no matter how much they had invested in the defense of a case. Notably, AlEn has been unable to find, and Clorox has not cited, a single case addressing voluntary dismissal of a complaint under Rule 41(a)(2) to allow for immediate refiling under prospectively amended statutory law. Indeed, when Congress enacted the Class Action Fairness Act ("CAFA"), which had similar prospective application language as the amendment to § 1125(c)(6), courts addressed a number of issues regarding when suits "commenced" for the purposes of CAFA's application. *E.g.*, *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 687 (9th Cir. 2005) (holding action commenced upon filing of complaint in state court, not upon removal to federal court). Yet AlEn has not found any decision granting plaintiffs leave to dismiss a complaint for the purpose of refiling under CAFA's prospective rules. Here, where Congress's amendment to § 1125(c)(6) applies only to cases that commenced after October 5, 2012, it would flout that statutory command to permit Clorox to dismiss and refile and thereby change the substantive law that applies to this case. *See Under Armour*, 2013 WL 5375444, at *4.

*Westlands* and *Smith* (the only cases Clorox cited to support its request for dismissal) do not negate AlEn's claim of legal prejudice. In *Westlands*, two water districts sued federal defendants for breach of contract concerning allocation of water rights. Before trial, plaintiffs sought voluntary dismissal and defendants moved for summary judgment. The district court

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

denied plaintiff's motion and granted summary judgment for defendants. The district court denied the motion for voluntary dismissal for three reasons: (1) it would leave the allocation of the water rights uncertain, (2) the delay by the districts in prosecuting the case and moving for dismissal, and (3) the substantial expenses incurred by defendants. The Ninth Circuit rejected these reasons and reversed, finding that uncertainty pending future litigation did not amount to legal prejudice, plaintiffs were not dilatory, and defendants' expenses could be compensated by an appropriate award of costs and fees. 100 F.2d at 97. AlEn, however, does not oppose Clorox's motion on these grounds. To the contrary, AlEn opposes the motion because it attempts to eliminate the registration bar. *Westlands* held that "legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Id.* Thus, *Westlands* supports AlEn's opposition because voluntary dismissal would prejudice AlEn's *legal argument* that its federal registrations of the PINOL mark bar Clorox's dilution claim.

In *Smith*, plaintiffs filed California and federal complaints for securities fraud against defendant. Following a California Supreme Court opinion resolving a dispute regarding California's securities laws, defendant counterclaimed for declaratory relief that it had not violated California's securities laws, and then the plaintiffs moved voluntarily to dismiss their federal complaint. The District Court dismissed the federal causes of action with prejudice and dismissed defendant's counterclaim. Defendant appealed, arguing it would suffer legal prejudice because it would lose the procedural protections of the federal Private Securities Litigation Reform Act ("PSLRA") if the federal case were dismissed. The Ninth Circuit affirmed the voluntary dismissal, holding that loss of protection under the PSLRA did not amount to legal prejudice because "[t]he PSLRA affects the procedural aspects, but not the substantive elements of a securities fraud action." 263 F.3d at 976. Moreover, because plaintiffs dismissed their federal claims with prejudice, it caused no legal prejudice to defendants when the effect of the dismissal was defendants' victory. *Id.* In contrast, AlEn's claim of legal prejudice relates directly to the substantive protections afforded by 15 U.S.C. § 1125(c)(6) at the time Clorox filed its complaint, which provide a complete bar to Clorox's dilution claim.

In addition to the legal prejudice AlEn would suffer, this Court may also deny Clorox's

motion because it seeks to avoid an adverse decision on the dilution claim and to gain a favorable forum in the ITC where it seeks to avoid the federal registration bar. *See Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co.*, 299 Fed. Appx. 664, 666 (9th Cir. 2008). "[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (affirming denial of voluntary motion to dismiss where plaintiffs sought to file suit in forum more favorable to civil RICO claims). *See also Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389–90 (9th Cir. 1986) (plaintiff's forum shopping was grounds for denying its voluntary motion to dismiss); *Cent. Montana Rail v. BNSF Ry. Co.*, 422 Fed. Appx. 636, 638 (9th Cir. 2011) (affirming denial of voluntary dismissal based on plaintiff's attempted forum shopping).

AlEn does not oppose this motion merely to avoid the prospect of another lawsuit or the loss of some tactical advantage; it does so to preserve its substantive rights in this litigation. Clorox asserts, without authority, that loss of the federal registration bar is not legal prejudice. But Clorox's only arguments relate to AlEn's expected costs and inconvenience of dealing with Clorox's procedural gamesmanship. While the Court should recognize the heavy investment of both parties in this case, Clorox's arguments entirely miss the central point: the legal prejudice comes from the loss of a statutory bar on Clorox's dilution cause of action.

**B. AlEn's Counterclaims for Declaratory Relief Moot Clorox's Efforts to Dismiss Its Claims.**

Even as a procedural gambit, Clorox cannot avoid litigation of its dilution claim by dismissing its complaint because AlEn's counterclaim for declaratory relief will remain pending. AlEn filed its counterclaim in order to ensure that it gets the prompt resolution that it deserves in this lawsuit. Although Clorox seeks to dismiss the entire action, it has no right to thwart AlEn's counterclaims.

Rule 41(a)(2), Fed. R. Civ. P., is a real obstacle for Clorox. It authorizes a dismissal only if AlEn's counterclaims can remain pending for "independent adjudication." If Clorox argues that AlEn's counterclaims *should not* remain pending for independent adjudication, then it must argue against the very rule that it invokes to seek dismissal.

AlEn has asserted counterclaims for declaratory judgment of non-dilutive use (First Counterclaim), declaratory judgment of non-infringing use (Second Counterclaim), declaratory judgment of no unfair competition or false designation of origin (Third Counterclaim), and declaratory judgment of no unfair competition under California law (Fourth Counterclaim). Dkt. 51 at 28–35. AlEn alleged its trademark registrations in its counterclaims and incorporated those allegations into its declaratory judgment counterclaim concerning trademark dilution. *Id.* at ¶¶ 41–45, 168.

Clorox fails to address AlEn's counterclaims and never once attempts to justify its request to have those claims dismissed. Therefore, even if this Court dismisses Clorox's complaint, this action will remain pending. Since Congress's amendment to eliminate the federal registration bar to the dilution claim applies only to *actions commenced* on or after the effective date, AlEn will be entitled to rely on that bar in its declaratory judgment request in this action.

Nor is there any basis to dismiss AlEn's counterclaims on their own merits. This Court has subject matter jurisdiction over the counterclaims because there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Clorox has made it clear that it is not giving up on its claims against AlEn: it wants to dismiss without prejudice in order to continue attacking AlEn, both in the ITC and again in district court. In these circumstances, there can be no doubt that the dispute remains real and immediate.

Further, although the district court has discretion to hear declaratory judgment claims, Clorox's request for voluntary dismissal does not provide any reason for this Court to decline to hear AlEn's counterclaims. Indeed, Clorox makes no argument in this motion as to why the Court should decline to hear AlEn's counterclaims. A reply brief is too late for Clorox to think up such reasons. Declaratory relief is appropriate: "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *McGraw–Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir.1966). Its purpose is to provide a party facing a challenge relief from uncertainty and delay regarding its

legal rights. *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, C 03-01431 SBA, 2006 WL 1646110, at *1 (N.D. Cal. 2006). In the intellectual property context, courts frequently dismiss infringement claims while exercising discretion to hear declaratory judgment counterclaims of non-infringement. For example, in *Arteris S.A.S. v. Sonics, Inc.*, C 12-0434 SBA, 2013 WL 3052903 (N.D. Cal. June 17, 2013), the Court granted plaintiff's voluntary dismissal of its patent infringement claims but denied dismissal of declaratory relief counterclaims.

Therefore, even if Clorox dismisses its claims without prejudice, AlEn's declaratory relief claim should proceed. The federal registration bar will remain a valid basis to grant AlEn declaratory judgment on Clorox's dilution claim. Because that would make moot Clorox's entire procedural gimmick, the Court should deny Clorox's motion for voluntary dismissal without prejudice.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II. THIS COURT SHOULD NOT STAY THIS CASE PENDING RESOLUTION OF CLOROX'S LATER-FILED ITC ACTION.

The Court should also deny Clorox's alternative request for a stay. *See* Mot. at 4. Although this Court has the discretionary power to stay proceedings under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), Clorox must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. at 255.; *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1100 (9th Cir. 2005) (vacating district court's *Landis* stay and remanding for litigation to proceed). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (reversing stay as abuse of discretion). In evaluating a *Landis* stay, this Court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Clorox has made *no* showing of hardship or inequity. For that reason alone, the stay should be denied.

On the other hand, AlEn will suffer damage as a result of a stay pending the outcome of the ITC action. *First*, as this brief explained above, AlEn will suffer legal prejudice from a stay. It will not have the protection of the federal registration bar to Clorox's dilution claim in the ITC proceeding, and Clorox (if successful there) would seek to apply that ruling to this case through the doctrine of collateral estoppel. This "bank shot" strategy would cause legal prejudice to AlEn for reasons already stated and cause real damage to AlEn. Moreover, AlEn risks other forms of legal prejudice in the ITC proceeding. For example, the ITC may apply the equitable doctrine of laches differently than courts in the Ninth Circuit. *Compare Certain Agricultural Vehicles and Components Thereof*, Inv. No. 337-TA-487, Initial Determination, 2004 WL 723330 at *66 (Jan. 13, 2004) (declining to base time period for a presumption of unreasonable delay upon the comparable statute of limitations) *with Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002) (holding delay beyond comparable limitations period was presumptively unreasonable). And, if Clorox succeeds at the ITC in excluding importation of AlEn's PINOL products, it may then return to this court and use the perceived weight of the ITC's decision to make a new claim for actual damages, which it has not pleaded in this case and which is the subject of AlEn's pending motion for summary judgment.

*Second*, a stay would delay resolution of this litigation and thus prolong the period during which AlEn must operate without the benefit of finality as to its ability to offer PINOL products for sale in the United States. The ITC proceeding will not reach a final result until at least November 28, 2014. Declaration of Sebastian Kaplan In Support of AlEn USA's Opposition to Clorox's Motion to Dismiss ¶ 2 (ITC scheduling order). This is months after the March 2014 scheduled trial and expected verdict in this case. *See* Dkt. No. 90. This sort of delay constitutes cognizable damage sufficient to deny a discretionary stay. *LG Electronics, Inc. v. Eastman Kodak Co.*, 09-CV-0344H (BLM), 2009 WL 1468703 (S.D. Cal. May 26, 2009) (denying defendant's motion for discretionary stay pending ITC proceeding because delay would cause damage to plaintiff).

*Third*, AlEn will suffer damage because Clorox is using the ITC for a second bite at the apple, building a new record and seeking out new experts in the ITC proceeding, while all

discovery in this case has ended and the case is ready for hearing on all dispositive motions. No doubt, Clorox will seek to bolster in the ITC the weaknesses in its case against PINOL here. For example, Clorox failed to provide a confusion survey of AlEn's laundry products, which are the primary PINOL products AlEn currently sells in the United States. Circumventing discovery limits in federal litigation constitutes legal prejudice and therefore damage. *Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998) (denying voluntary dismissal as prejudicial where court had excluded plaintiff's untimely disclosed expert reports and plaintiff sought dismissal to avoid that adverse discovery ruling). And Clorox's confusion survey in this case, which showed a paltry 12% net confusion, is unlikely to sway a jury to find infringement. Clorox should not be allowed to get a do-over by moving this litigation to a second forum to create a basis for collateral estoppel later in this case. *See In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (affirming denial of voluntary dismissal that appeared to be attempt to avoid discovery where parties had spent 2.5 years litigating).

Clorox makes no claim of hardship or inequity other than that it dislikes Congress's decision to eliminate only from new cases the federal registration bar to federal dilution claims. Clorox has cited no authority that the application of a statutory bar to its cause of action constitutes hardship or inequity. Nor in this case could it make such an allegation, as Congress only amended § 1125(c)(6) prospectively. *See Under Armour*, 2013 WL 5375444, *4. The Court should not indulge any afterthoughts on hardship by Clorox in its reply.

Under the third *Landis* factor, Clorox has not advanced any reason why a stay would promote the orderly course of justice. This factor does not weigh in favor of a stay.

Clorox's reliance on *Avago Techs. U.S. Inc. v. IPtronics, Inc.*, No. 5:10-CV-02863-EJD, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013), is misplaced. Although *Avago* noted that Congress intended courts to use their discretionary power to stay cases related to patent claims in ITC litigation, that reasoning does not apply where a *plaintiff* requests a stay, because Congress only provided "respondents" in ITC investigations with a right to a mandatory stay of federal litigation pending an ITC investigation. 28 U.S.C. § 1659. Thus, in *Avago*, the roles were reversed: the defendant there moved to stay federal litigation of patent claims pending an ITC investigation that

the plaintiff had initiated, and sought a discretionary stay for patent claims not covered by the ITC investigation. The district court granted defendant's request for a stay, noting that plaintiffs would suffer at most minimal harm. As in this case, "Plaintiffs chose to file an ITC investigation fairly late in this litigation knowing that in so doing, they would spread Defendants' financial resources even thinner." 2013 WL 623042, *3. Thus, plaintiffs' initiation of a second action caused the harm, and any harm to *plaintiffs*, the court held, was largely of their own making. *Id.* In contrast, the Court held that the rapid pace of the ITC proceedings threatened to impose significant burdens of duplicative discovery on defendants. None of these reasons supports a stay in this case, where *plaintiff*, not defendant, *seeks a stay based on its own filing of an ITC action long after it commenced this litigation*. To the contrary, the considerations addressed by *Avago* emphasize that Clorox could eliminate any potential duplication by dismissing the ITC case, not staying this one.

Because Clorox has shown no hardship or inequity, the Court should deny its request for a stay.

**CONCLUSION**

Clorox asks this Court to condone procedural machinations so that Clorox can subvert Congress's intent to amend federal dilution law only prospectively in eliminating the federal registration bar to federal dilution claims. The plain result of Clorox's motion would be to cause AlEn legal prejudice by denying it a legal argument—the federal registration bar. The Court should reject Clorox's procedural ploy and deny Clorox's motion in its entirety.

Dated: November 15, 2013

FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
Andrew P. Bridges
Jedediah Wakefield
Sebastian E. Kaplan

Attorneys for Defendant
ALEN USA, LLC