MARTIN R. GLICK (No. 40187)
martin.glick@aporter.com
TRACY T. LANE (No. 184666)
tracy.lane@aporter.com
ADAM M. RAPP (No. 280824)
adam.rapp@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111-4024
Telephone:   415.471.3100
Facsimile:    415.471.3400

RYAN M. NISHIMOTO (No. 235208)
ryan.nishimoto@aporter.com
AMIE L. MEDLEY (No. 266586)
amie.medley@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:   213.243.4000
Facsimile:    213.243.4199

Attorneys for Plaintiff
THE CLOROX COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CLOROX COMPANY,<br><br>                    Plaintiff,<br><br>     v.<br><br>ALEN USA, LLC<br>                    Defendants. | Case No.: CV 12-01468-JCS<br><br>**THE CLOROX COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS ACTION WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, TO STAY ACTION PENDING RESOLUTION OF ITC INVESTIGATION**<br><br>Date:          December 6, 2013<br>Time:         9:30 a.m.<br>Courtroom: G, 15th Floor<br>Judge:        Hon. Joseph C. Spero<br><br>Trial Date:  March 10, 2014 |

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 2 |
|     I.    THE COURT HAS DISCRETION AND SHOULD EXERCISE IT TO ALLOW VOLUNTARY DISMISSAL ON THE TERMS REQUESTED. | 2 |
|     II.   ALTERNATIVELY, THIS COURT HAS DISCRETION TO STAY THE ACTION. | 4 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Central Trust Co., Rochester, N.Y. v. Official Creditors' Comm. of Geiger Enters., Inc.*, 454 U.S. 354 (1982) .......... 3

*Russ v. Standard Ins. Co.*, 120 F.3d 988 (9th Cir. 1997) .......... 3

*Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001) .......... 3

### Statutes

15 U.S.C. § 1125(c)(6) .......... 4

Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549, 11 U.S.C. § 403(a) (1976 ed., Supp. IV) .......... 3

**INTRODUCTION**

AlEn has missed the point of Clorox's motion—and made the point of that motion—all at the same time. In its opposition ("Opp."), AlEn concocts a narrative that has no resemblance with the facts or equities of this case. What AlEn calls "procedural [fill in the blank]" [1] is an effort to distract the Court from the need to remedy AlEn's own sandbagging tactic. All of the litigation effort that AlEn says will be wasted only arose because it never timely asserted the registration bar. This motion then became necessary after AlEn sought a surprise technical win on an unpleaded, scrivener's error "defense." Even if AlEn's failure to plead ultimately somehow does not preclude AlEn's motion, it at least raises equitable issues about what is fair to do now.

Clorox stands fully ready to try this case in this court on the claims and defenses that have been litigated for the last eighteen months and is confident of the merits of its case, factually[2] and

---

[1] AlEn has scoured the thesaurus in an effort to tar Clorox's motives, asserting Clorox is guilty of a "procedural gambit," a "procedural gimmick," "procedural gamesmanship," "procedural contortions," "procedural maneuvering," "procedural machinations" and a "procedural ploy," not to mention a "desire to take a mulligan" and wanting a "do over."

[2] AlEn repeatedly declares in its briefing, again with much rhetoric, that Clorox seeks to duck or avoid this case because of alleged deficiencies in its proof or in the law applicable in this Circuit. That is not even remotely accurate. To demonstrate the contrary and with just a sampling of the proof Clorox is fully prepared to present and stands ready to present *in this case in this court*:

1. Clorox expert Ran Kivetz's survey proved likelihood of confusion regarding use of "Pinol" on all purpose cleaner products. (The purported counter survey conducted by the AlEn survey expert on the same product line suffers from serious defects.)
2. AlEn has a demonstrated pattern of sidling up as close as it dares to Clorox brands and branding.
3. AlEn's Rule 30(b)(6) witness's explanation for the reason or absence of reason that AlEn abruptly ceased sales of Pinol branded products in the United States utterly lacks credibility. (To avoid the necessity of filing this brief under seal we respectfully refer the Court to the unredacted Memorandum in support of Clorox's Motion for Partial Summary Judgment on AlEn's Second, Third, and Fourth Affirmative Defenses (ECF 108) at 10-11.)
4. Clorox's fame expert has demonstrated that Pine-Sol is one of the most famous brands in the entire cleaning category and has been so for a great deal of time.
5. Clorox's linguistics expert showed that the pronunciation of "Pinol" among non-Spanish speakers will mostly be homophonous with "Pine-Sol"; AlEn has no counter witness.
6. Despite an absence of marketing of Pinol products in the United States until recently, there are several documented instances of actual confusion.
7. AlEn has no contrary proof to the fact that laundry cleaning products are a logical extension for multi-purpose cleaner products.

legally.[3] It was AlEn that refused Clorox's offered stipulation of dismissal and refiling in this same court, with the status quo on scheduling, acceptance of your honor as judge, and the same pleadings, discovery, and pending motions. AlEn's refusal prompted the present motion to dismiss or allow trial in the ITC action to occur first. Now, AlEn's opposition, with its hyperbolic rhetoric, recognizes the very prejudice and futility that should be avoided by either denying AlEn's scrivener's error motion outright or considering how to equitably address what has happened. AlEn cannot deny that the Court would be working an injustice to Clorox by letting AlEn gain summary judgment on a defense it had never presented until after work on the dilution claim was complete and the money spent, and that remains unripe so long as Clorox seeks cancellation of the offending registrations.

Either of Clorox's proposed remedies is legally permissible and necessary to restore the equilibrium and fair play required by the Federal Rules. A limited voluntary dismissal effectuates clear and long-standing congressional intent. Alternatively, a stay leaves adjudication open on the scrivener's error until such time as it is ripe, without disrupting the ITC proceeding or requiring an advisory trial on dilution in this case. If the ITC issues an exclusion order there may or may not be a remaining live dilution issue; given the way in which this issue came up for the first time at summary judgment, it is appropriate to wait and see what action on the motion should be taken at that time.

**ARGUMENT**

**I.  THE COURT HAS DISCRETION AND SHOULD EXERCISE IT TO ALLOW VOLUNTARY DISMISSAL ON THE TERMS REQUESTED.**

At the outset, it bears repeating that Clorox's motion seeks relief in the unlikely event the Court finds that the scrivener's error affirmative defense exists, that it was timely and fairly raised, and that a licensee has standing to invoke it.

---

[3] As to the law, Clorox has filed its motion for summary judgment on laches and has no issue with the applicable law in this circuit nor has any other concern about the applicable law. After all, Clorox did choose to sue in California in the first place and the trademark law among the Circuits hasn't changed in any relevant way since the filing.

Every voluntary dismissal case cited by AlEn upholds and affirms the core proposition of Clorox's motion: that the Court has great discretion in crafting the terms of a dismissal to achieve the ends of justice. AlEn's claim that no case is 100% procedurally on point does not prove that the Court is powerless to act. None of the cases cited by AlEn (including the unpublished cases that AlEn fails to acknowledge are non-precedential or non-citable) strip the Court of the power dismiss the case on the terms sought.[4] Ultimately, for the Court to find that AlEn has the better argument, it must conclude that AlEn has shown that being denied an ambush win, following its failure to plead the non-existent defense and without bothering to seek leave to have it properly made part of the case, is "plain legal prejudice." *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). No case supports *that* notion.

Clorox's request that the Court invoke sound judicial discretion is likewise unaffected by the Supreme Court case to which AlEn devotes over a page of its brief. Opp. 5:6-6:6 (citing *Central Trust Co, Rochester, N.Y. v. Official Creditors' Comm. of Geiger Enters., Inc.*, 454 U.S. 354 (1982)). *Central Trust* does not hold that trial courts are powerless to order dismissals on the terms Clorox seeks, nor does it set forth a general rule that "voluntary dismissal is improper where a plaintiff seeks to use it to take advantage of prospectively enacted law, *regardless* of whether a defendant will suffer prejudice." Opp. 6:3-5. *Central Trust* does not cite Federal Rule 41, the propriety of voluntary dismissal, or principles governing judicial discretion or equity. Rather, the statute in question was a procedural provision that was "unequivocal" in removing bankruptcy courts' discretion to allow a case to be re-filed where substantive rules had changed post-filing. 454 U.S. at 357 (citing Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549, 11 U.S.C. § 403(a) (1976 ed., Supp. IV)). There is no such restriction in Rule 41 or the Lanham Act. The Court should therefore disregard AlEn's false warning that a ruling for Clorox is a step down a slippery slope toward allowing plaintiffs to selectively avoid statutory amendments. *See* Opp. 6:10-

---

[4] At best, the cases cited by AlEn show that voluntary dismissal under Rule 41 cannot be used to achieve what is otherwise expressly prohibited by rule. *See Russ v. Standard Ins. Co.*, 120 F.3d 988, 989 (9th Cir. 1997) (holding that voluntary dismissal was improper solely to cure plaintiff's inadvertent failure to request a jury trial, an outcome that "cannot be accomplished directly under Rule 39(b)").

12. Rather, the contrary is true: a ruling for AlEn tells parties that there are no consequences to actively concealing affirmative defenses until long after the time to amend pleadings has closed and it is time to move for summary judgment.

Clorox has not sought and does not seek dismissal of AlEn's counterclaims. Thus Section I.B of AlEn's brief (Opp. 8-10) and the authorities cited therein need not be addressed.[5]

**II.  ALTERNATIVELY, THIS COURT HAS DISCRETION TO STAY THE ACTION.**

AlEn acknowledges that the Court has discretion to enter a limited stay in this case. While AlEn asks the Court not to do so, it cites no case showing that a brief stay at this juncture—and in light of AlEn's own procedural tactics—would constitute an abuse of discretion.

If dismissal is not granted, a stay is in the interests of equity. Trial in the ITC will be concluded in less than six months.[6] This is a short interval. The parties have already stipulated to use discovery in this case in the ITC and that agency will try the case without the presence of the scrivener's error defense. Clorox is confident that it can and will prevail on the merits of the dispute when the legal principles that Congress actually intended to govern federal dilution claims are applied. At the same time that AlEn protests that any delay in holding a potentially moot trial would deprive it of "the benefit of finality" (Opp. 11:18), AlEn acknowledges that its scrivener's error motion in this forum will remain unripe so long as Clorox is seeking cancellation of AlEn's registrations elsewhere. Opp. 3:9-10. Moreover, if Clorox prevails in the ITC and obtains a prospective exclusion order, the parallel action in this Court relating to dilution will likely have been adjudicated in major part, eradicating the scrivener's error issue and leaving only a few remaining issues to be addressed. The equities and conservation of judicial resources militate in

---

[5] AlEn also asserts for the first time that it "will be entitled to rely on [the federal registration] bar in its declaratory judgment request in this action." Opp. 9:11-12. Not so. The defense may only be raised in "an action against" the owner of a trademark. 15 U.S.C. § 1125(c)(6). The declaratory judgment action brought by AlEn is not an action *against* it.

[6] AlEn claims the delay will be greater because after trial in the ITC, the Commission's initial determination is due by July 2014 and the investigation may not be concluded until November 2014. The same is equally true in district court litigation, where trial would be followed by post-trial briefing and appellate practice.

favor of allowing the ITC case to proceed, thereby resolving whether AlEn's conditional and unripe motion based on the scrivener's error will ever need adjudication by this Court at all.

We emphasize again, Clorox has *not* moved to stay the case here or to dismiss it other than as an alternative in connection with the scrivener's error motion. Clorox filed its action in the ITC because, many months after this action was filed, AlEn breached its Cloralex obligations under a "co-existence" agreement the parties previously had in place, thus terminating that agreement. It made and makes sense for Clorox to ask the ITC to consider and ultimately ban the importation of AlEn's infringing products that seek to free ride on both "Clorox" and "Pine-Sol" and to do so in a single action. All AlEn had to do to obviate this motion is to agree to the stipulation offered and trial would remain set to go in this Court. That AlEn refused speaks only to a desire to succeed based on an unpleaded defense and says nothing about any other supposed problem Clorox has with proof or the law.

## CONCLUSION

For the foregoing reasons, the Court should grant Clorox's motion to dismiss without prejudice on such terms as are just, or in the alternative, stay this action until completion of the proceedings in the International Trade Commission.

Dated: November 21, 2013     ARNOLD & PORTER LLP

By: /s/ *Martin R. Glick*
    MARTIN R. GLICK

Attorneys for Plaintiff THE CLOROX COMPANY

34308852